In the Matter of the Application of JOHN M. GOHN, a Stockholder in the PEOPLES COLLATERAL LOAN CORPORATION, Petitioner, for the Appointment of Appraisers to Appraise the Value of His Stock of PEOPLES COLLATERAL LOAN CORPORATION, Respondent.

Supreme Court, Erie County, May 29, 1940.

*Samuel C. Battaglia*, for the petitioner.

*Harter & Schork*, for the respondent.

LYTLE, J. The question presented upon this application is whether the petitioner, the owner of 1,320 shares of the preferred stock of the respondent corporation, is entitled to an assessment of and payment for his said shares as provided in section 21 and subdivision 9 of section 38 of the Stock Corporation Law.

The facts concerning which there is no dispute are these: Respondent was incorporated under the laws of this State December 6, 1934, with 10,000 shares of one class of five dollars par value. By a charter amendment in 1937 the existing stock became the common stock of the corporation and there were authorized in addition thereto 20,000 shares of preferred stock of ten dollars par value. The shares of the petitioner are of the latter class which class will be hereinafter called the preferred stock. A certificate authorizing the issue of 11,694 shares of prior preferred stock of ten dollars par value was filed with the Secretary of State March 4, 1940. The purpose of the new class of stock, which class will be hereinafter called the new preferred stock, was to supplant, replace and retire the preferred stock. Although 20,000 shares of the preferred stock had been authorized, only 11,694 shares thereof were issued and outstanding. The preferences, privileges and voting powers both before and after the authorization of the issuance of the new preferred stock are a matter of public record.

There are differences of opinion as to the motives for the new class of stock but there does not appear to be a difference of such character as to constitute a question of fact and upon the argument it was so stated by counsel for both parties.

Before the authorization of the new preferred stock, the preferred stock by provision of the amended charter was entitled to receive when and as declared by the board of directors dividends at the rate of two dollars per share a year. Such dividend was cumulative and, both as accumulated and current, entitled to payment before any return to common shares. Upon dissolution, all accumulated dividends together with twenty-five dollars per share were required to be paid to holders of preferred shares before any payment to common shares. Preferred shares might be redeemed upon payment of all accumulated dividends thereon plus twenty-seven dollars per share.

The certificate authorizing the new preferred stock purports to accord thereto the same preferences over existing preferred and common stock as the existing preferred enjoyed over the common previously, and as outlined above, with the exception, however, that the dividend specified is at the rate of one dollar instead of two dollars and furthermore is not cumulative. The said certificate purports to leave undisturbed the relationship of preferred stock to common as between those two classes.

Whether the dissenting opinion of Judge O'BRIEN in *Matter of Dresser* (247 N. Y. 553) appeals to one's reason and sense of justice or not, the declared law of this State is that the superimposition of a new class of stock upon existing classes does not, standing alone, give a right of appraisal. If the intention of the Legislature had been misinterpreted, there has been ample time since for correction by legislation.

If petitioner should surrender his preferred shares in exchange for new preferred shares, there is no question but that his preferential rights would be altered. His right to accrued unpaid dividends would disappear; his rate of return would be cut from two dollars per share to one dollar; his dividend rights would be divested of their cumulative character.

On the other hand, should the petitioner retain his preferred shares as he has, there would also have been effected an alteration in his preferential rights. In *Matter of Kinney* (279 N. Y. 423) it was held that a reduction in stated capital of the corporation constituted such an alteration in preferential rights of outstanding shares as to warrant appraisal and payment. The certificate in the case at bar increased the authorized capital stock from $250,000 to $283,880. If a decrease constitutes an alteration, so also must an increase.

" When, as matter of law, the conclusion cannot be avoided that the alteration has produced advantages to the outstanding shares, the holder might not become entitled to purely theoretical

and technical relief. When, however, the result of the alteration is not entirely clear, the wishes of the stockholder rather than the conception of the courts should prevail." (O'BRIEN, J., in *Matter of Silberkraus*, 250 N. Y. 242, 246.)

It cannot be said that as a matter of law the position of this petitioner has been accorded advantages. Therefore, the motion is granted. Prepare and submit an order.

The court will entertain a motion staying proceedings of the appraisers in the event of an appeal.