In the Matter of Fred W. Silberkraus et al., Appellants.
Schaffer Stores Company, Inc., Respondent.

(Argued January 7, 1929; decided February 13, 1929.)

*Chatfield T. Bates* for appellants. The amended certificate of incorporation alters the preferential rights of the second preferred stockholders. (*Campbell* v. *American Zylonite Co.*, 122 N. Y. 455; *Page* v. *American & British Manufacturing Co.*, 129 App. Div. 346; *Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159.)

*Harry M. Schaffer* for respondent. The amended certificate of the corporation does not alter the preferential right of the petitioners' stock. (*Matter of Dresser* v. *Donner Steel Co.*, 247 N. Y. 553.)

O'BRIEN, J. Appellants are the holders of a small minority of shares of the second preferred stock of Schaffer Stores Company, Inc. They claim that the preferential right of such shares has been altered by the amended certificate of incorporation which, on March 31, 1926, over their objection, was authorized by a majority of more than two-thirds. They assert a right to an appraisal of the value of their shares and payment therefor by the corporation. The application of section 38, subdivision 12, of the Stock Corporation Law (Cons. Laws, ch. 59) is directly involved.

By the original certificate, the stock of this corporation was classified as first preferred authorized at $125,000, second preferred authorized also at $125,000, and some common. The preferences of the first preferred consisted in its right to seven per cent cumulative dividends and to payment at par on distribution of assets at dissolution. The only preference of the second preferred consisted in a right, equal with the first preferred, to payment at par upon distribution of assets. By the amended certificate, both preferred stocks were retired. Such retirement was effected by virtue of section 36 of the Stock Corporation Law. Instead of the old first and second preferred with an authorized combined capital of $250,000, only one class of preferred is now authorized

with a capital of $500,000. It is designated as convertible preferred seven per cent cumulative and its preferential rights are similar to those of the old first preferred. A holder of the old second preferred, exchanging his stock for the new convertible, will acquire shares possessing the preferential right to distribution of assets at par similar to the right that attached to his old shares. To that is added a right to a preferred dividend which his old shares did not possess. The question is whether the preferential right of the outstanding shares of the old second preferred has been altered by the amended certificate of incorporation. It must be answered by the interpretation placed upon section 38, subdivision 12, of the Stock Corporation Law which reads as follows: " If the certificate alters the preferential rights of any outstanding shares, any holder of such shares not voting in favor or such alteration, within twenty days after the meeting at which such alteration was authorized, may object thereto and demand payment for his shares, and thereupon such stockholder or the corporation may have his shares appraised as provided in section twenty-one, all of the provisions of which section shall in all respects be applicable."

A preference is a superiority either in the receipt of dividends or in the distribution of assets upon dissolution. Preferential rights are such rights as attach to shares possessing a preference. On the retirement of a class of stock all rights adhering to the shares of that class are destroyed. When a class ceases to exist every preferential right attached to it falls. Neither a preference nor a preferential right can survive the thing to which it is appended. The right itself is distinct from the value of the right. For example, a class of stock with priority in the receipt of dividends restricted to one per cent possesses a preference and consequently a preferential right over another class of stock which is entitled to dividends only after payment to the superior class. Yet in the case of a corporation earning

large profits, such a preferential right obviously is less valuable than a practical right to dividends of twenty per cent belonging to the common stock. So viewing the right as separate from value, it may be either beneficially or disadvantageously changed. Whenever it is changed in either way, it is altered, and when the change is effected by the amended certificate, a preferential right is altered by that certificate. In *Matter of Dresser* (247 N. Y. 553) this court decided that the authorization of new shares having preference superior to those of the old ones does not alter the preferential rights of the outstanding shares. There, a new class of preferred stock was superimposed upon an existing preferred class. The old preferred was not retired nor, in principle at least, were its preferential rights displaced. They remained the same, subject only to the preferences of the new class. The value of the old stock's preferences may or may not have been affected. The rights themselves were not changed. In theory, they remained constant. So within the intent of section 38, subdivision 12, as we held, no alteration occurred. Here, a different state of facts is present. Neither the preferential right of the old stock nor even the old stock itself persists. Both disappear. The stock is retired and, with its retirement, its preferential right falls. A right to participation at par in the distribution of assets is attached to the new stock but the fact that that right is similar to the old ones belonging to the two classes of stock which have been abolished does not prevent . an alteration of the abolished right. Abolition is alteration. The right incidental to the new convertible is different from the rights similar in their nature which attached to the old classes. When those stocks were retired, each right was detached from the stock to which it belonged and each was transferred to the new class. There they commingled and lost their identity. The new right which sprang in part from each of the old is no more the one that belonged to the second preferred

than a child is the same person as either parent. An edifice built from timbers of two demolished structures is different from both. The severance of the preferential right from the old stock and the destruction of that stock constitute an alteration of the preferential right of the outstanding shares of the extinguished stock.

After the conclusion has been reached that preferential rights of outstanding shares have been altered by the certificate, the value of those shares immediately prior to the alteration becomes the central point for consideration. A right may be altered without inflicting damage. Often a benefit may accrue. When, as matter of law, the conclusion cannot be avoided that the alteration has produced advantages to the outstanding shares, the holder might not become entitled to purely theoretical and technical relief. When, however, the result of the alteration is not entirely clear, the wishes of the stockholder rather than the conception of the courts should prevail. Let him be the one to decide whether he shall avail himself of the opportunity to acquire new stock which he deems of lesser worth or whether he shall take the appraised value of his outstanding shares. Here a serious question arises whether appellants are benefited by the change. The majority stockholders think they are, but these appellants take a different view. The stock which they now own paid dividends of ten per cent. The new stock is limited to seven per cent. The old shares might acquire a market value far in excess of par. The new shares are callable at 110. Under the old certificate, only $250,000 of stock was entitled to par on the distribution of assets, while under the new one twice that amount can participate. Since the question of benefit is arguable, the better result can be attained by intrusting the stockholder with power to decide. That, we think, is the purpose of the statute. (*Matter of Timmis*, 200 N. Y. 177.)

The order of the Appellate Division should be reversed

and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, J. (concurring). I concur in Judge O'BRIEN's opinion. The new certificate entirely eliminates from the corporate structure the class of second preferred stock. It substitutes for both first and second preferred stock a new class of preferred stock. So long as the new preferred stock remains outstanding, it possesses the same preferential right to payment at par upon the distribution of the assets, which inhered in the retired second preferred stock, but other provisions in the new preferred stock completely alter its position in the corporate structure. The stock may be retired at 110, and a new preferential right to dividends at the rate of seven per cent is coupled with a restriction that the stock is entitled to no other dividends. In effect, the new stock cannot share in increase of corporate earnings or capital value.

The statute in terms provides a remedy where a new certificate alters the preferential rights of any outstanding shares. It has no application where the preferential rights of one class of outstanding stock over another class are left unchanged, though both classes of outstanding stock are made subject to new preferential rights of classes of stock to be issued thereafter. The statute was not intended to hamper a corporation in obtaining additional capital through the issue of new securities with superior preferential rights. So we held in *Matter of Dresser* (247 N. Y. 553). In that case the new certificate expressly provided that the preferential rights of the outstanding shares remained unchanged except as they became subject to the superior preferential rights of the new stock.

There is nothing in the statute that suggests that it does not apply where the new certificate completely alters the relative rights of different classes of outstanding stock. Here the new certificate has created a new class

of preferred stock in place of a class of outstanding stock, with new preferential rights and new restrictions upon the rights which previously inhered in the stock of the eliminated class. Certainly the preferential rights of the new class of stock are not the same as the preferential rights of the eliminated class. Though the old preferential right has been retained, it becomes merely a part of a broader scheme of preferential rights as well as disabilities.

A decision that, though a new certificate completely changes the corporate structure, eliminates one class of preferred stock and substitutes a new preferred stock in its place, with new preferential rights and new disabilities, there has been no " alteration of the preferential rights of any outstanding stock," ignores, in my opinion, the language of the statute and defeats its purpose.

Hubbs, J. (dissenting). The right which the appellants seek to enforce is purely a statutory right under subdivision 12 of section 38 of the Stock Corporation Law, which provides that " if the certificate alters the preferential rights of any outstanding shares, any holder of such shares not voting in favor of such alteration " may, upon objecting and demanding payment for his shares, have them appraised. It is, therefore, only when preferential rights are altered that the holders of stock not consenting may lawfully demand an appraisal of their stock. The preferential rights of petitioners are only such as are given in the certificate of incorporation, that is, that their stock shall be paid at par upon the distribution of the assets of the corporation before anything shall be paid on the common-stock.

Petitioners, by instituting this proceeding, necessarily concede the legality of the amendments to the certificate and of the procedure by which it was amended. They are in the position of asserting that the certificate has been legally amended and because of such amendment the

preferential rights of this stock to share in the assets of the corporation upon distribution have been altered, and that, therefore, they are entitled to an appraisal of such stock. The new stock which they are to receive under the amended certificate gives them the same right to share in the assets of the corporation which their old stock gave.

In *Matter of Dresser* (247 N. Y. 553) it was held that the amendment of a certificate of incorporation, which provided for a new issue of preferred stock that should be ahead of and superior to the old issue of preferred stock, did not have the effect of altering the preferential rights of the old stock to be first paid out of the assets of the corporation upon distribution. I can see no difference in principal between creating a new issue of preferred stock which shall be ahead of an outstanding issue, and consolidating an outstanding issue with a new issue, making them equal in preferential rights and preserving the preferential rights of the old stock the same as they existed before the new issue. In fact, it seems to me that the *Dresser* case went farther than it is necessary to go in this case, in holding that petitioners have not lost any preferential rights given them through the ownership of the stock in question. The fact that the old certificates are to be taken up and canceled and new certificates issued in their place called " cumulative 7% preferred callable at 110 " does not, it seems to me, alter their preferential rights to be first paid par for their stock upon dissolution of the corporation, because the new certificates preserve that right. They had no preferential right to have their certificates of stock remain unaltered or to be non-callable. Such right, if it existed, was a common right which all stockholders had. The exercise of the right to change the rate of dividend on the stock did not alter any preferential right possessed by petitioners. Their stock was not a preferred stock having a fixed rate of dividend. It was only entitled to

receive such dividends as were voted by the board of directors.

I think that the Appellate Division reached the right conclusion and I favor affirmance.

POUND and CRANE, JJ., concur with O'BRIEN, J.; LEHMAN, J., concurs in opinion with which POUND, CRANE and O'BRIEN, JJ., concur; HUBBS, J., dissents in opinion with which CARDOZO, Ch. J., and KELLOGG, J., concur.

Order reversed, etc.