In the Matter of PHILIP H. DUER et al., as Directors and Trustees in Dissolution of GEO. P. IDE & Co., INC., Appellants.

SPENCER TRASK & Co., Respondent.

(Argued March 4, 1936; decided April 14, 1936.)

*John A. Sherman* and *Frederick E. Draper* for appellants. Respondent, a preferred stockholder, cannot share in the proceeds of corporate liquidation, its rights being subordinate to those of the holders of participating preferred stock. (Cons. Laws, ch. 59, § 105.)

*Michael D. Reilly* and *Joseph Besch, Jr.*, for respondent. Every holder of the original preferred stock possessed a vested, indefeasible right, under the amended certificate of incorporation, to have two and sixty-eight one-hundredths shares of the prior participating preferred stock issued to him in exchange for one share of the original preferred stock. (*Stokes* v. *Continental Trust Co.*, 186 N. Y. 285.) The right and power to effect the exchange survives the order of dissolution. (Cons. Laws, ch. 59, § 29; *City of New York* v. *New York Ferry Co.*, 231 N. Y. 18.)

CRANE, Ch. J. Section 36 of the Stock Corporation Law (Cons. Laws, ch. 59) provides for changes in respect to shares, capital stock or capital of corporations, and subdivision 11 of section 38 gives to any holder of stock not voting in favor of such alteration the right to object and have his shares appraised pursuant to section 21.

Geo. P. Ide & Co., Inc., was in financial difficulty and planned reorganization and recapitalization. Its stock set up consisted of 20,000 shares of preferred stock ($100 par) and 75,000 shares of common stock (no par). On December 31, 1927, the company had dividends in arrears on its preferred stock of $640,000, and a capital deficit (without taking into account such dividends in arrears) of more than $560,000. The plan of reorganization was stated in a circular sent to all stockholders to be the following:

## " PROPOSED CAPITALIZATION OF THE COMPANY

" The amount of capital of the Company is to be reduced to an amount at least equal to the sum of the aggregate par value of all issued shares having par value plus $1 in respect of every issued share without par value, plus such amounts as from time to time by resolution of the Board of Directors may be transferred to capital but, in on event, less than $2,128,600, which, when the Plan shall have been fully consummated, will be represented by:

| Kind of Stock | Approximate No. of Shares Authorized | Approximate No. of Shares Issued |
|---|---|---|
| Participating Preferred Stock (No par)............... | 56,280 | 53,600 |
| Preferred Stock ($100 par). | 20,000 | None |
| Common Stock (No par)... | 85,000 | 75,000 |
| | 161,280 | 128,600 |

" With this capitalization the dividends in arrears on the present Preferred Stock of the Company will be disposed of by the issue of stock, the capital deficit will be eliminated, and the Company, on the basis of its balance sheet as of December 31, 1927, will have a surplus of $585,811.86, which stockholders becoming parties to the Plan thereby agree shall be available for dividends to the same extent to which earned surplus would be so available. * * *

### " Terms of Recapitalization

Holders of the present Preferred Stock of the Company who become parties to the Plan as herein provided, * * * will be entitled to receive, as and when issued and ready for delivery, in exchange for their respective shares of the present Preferred Stock deposited under the Deposit Agreement and in full satisfaction of all their rights in respect thereof, two and sixty-eight one-hundredths (2 68/100) shares of the Participating Preferred Stock for each share of the present Preferred Stock so deposited. * * *

" The Plan makes no provision for holders of the present Preferred Stock who do not become parties hereto in the manner herein provided.

### " Participating Preferred Stock

" The authorized Participating Preferred Stock is to consist of approximately 56,280 shares without nominal or par value. The holders of the Participating Preferred

Stock shall be entitled to receive, when and as declared by the Board of Directors of the Company, regular dividends at the rate of $3 per share per annum and no more, payable quarterly, from the beginning of the quarterly dividend period in which issued, before any dividends shall be paid upon the present Preferred Stock. or the Common Stock.    *    *    *

" Upon the liquidation or dissolution of the Company, each holder of shares of the Participating Preferred Stock shall be entitled to receive, before any distribution or payment to the holders of the Present Preferred Stock or the Common Stock, $55 per share plus an amount equal to $3 per share per annum from the date of accumulation, or the beginning of the quarterly dividend period in which such shares shall have been issued if such shares shall have been issued after the date of cumulation, to the time of payment upon such liquidation or dissolution less the amount of any regular dividends paid thereon from such date of cumulation.    *    *    *

" DEPOSITARY — METHOD OF DEPOSIT UNDER PLAN

" Holders of present Preferred Stock of the Company may become parties to the Plan and entitled to the benefits thereof by depositing the certificates for their stock under the Deposit Agreement, as therein provided, with National Bank of Commerce in New York, Depositary, 31 Nassau Street, New York City, on or before April 4, 1928, or on or before such later date as the Committee may fix, or in any other manner which the Committee in its discretion may permit.  Stockholders who do not become parties hereto in the manner herein provided within the time fixed therefor shall not be entitled to become parties to the Plan or to share in any of the benefits thereof except upon obtaining the express written consent of the Committee.    *    *    * ''

The time to exchange stock was extended by the reorganization committee to April 30, 1933, a circular letter being sent to the holders of preferred stock, reading:

"Out of 20,000 shares of Preferred Stock originally outstanding, Preferred Stockholders owning 19,560 shares have made the exchange on the basis indicated so that at the present time there are outstanding only 440 shares of preferred Stock which have not been exchanged. * * *

"As a result, you are now advised that if you desire to make the exchange, you may do so on the same basis as if you had made the exchange within the original period in which the exchange was permitted, provided

"(a) that you deposit your stock for exchange on or before the 30th day of April, 1933, and * * *

"We think it proper to advise you that counsel for the Company have expressed the opinion that the Participating Preferred stock has priority, both with respect to assets and dividends, over the Preferred Stock. * * *

"If you conclude to make the exchange, you are requested to forward your certificate of stock, duly endorsed, with the enclosed letter of transmittal (which contains a waiver of fractional shares) to Guaranty Trust Company of New York, No. 140 Broadway, New York City, and that you do so on or before April 30, 1933."

Spencer Trask & Co. owned 100 shares of preferred stock and received all the notices referred to above. It did not consent to or approve the plan; it did not seek to have its stock appraised as a dissenting stockholder, pursuant to section 21 of the Stock Corporation Law; it did not at any time surrender its stock for exchange.

On June 15, 1933, Geo. P. Ide & Co., Inc., was dissolved, pursuant to section 105 of the Stock Corporation Law, since which time the petitioners, as directors and trustees in dissolution, have been in charge of the liquidation and distribution of the corporate assets.

A settlement of the accounts and the final discharge of these petitioners have been requested of the Supreme Court, as permitted by section 106 of the Stock Corporation Law, which has resulted in Spencer Trask & Co.

coming into court with a request to be treated as if it had made an exchange of stock and to participate equally in the assets with the new participating preferred stockholders. The committee of reorganization has never given its consent to such exchange, nor was any such exchange requested before dissolution.

The plan of reorganization was put through and adopted according to statute and the new stock issued with rights and privileges as stated in the plan. These terms are binding on the company, the liquidators, all the stockholders and the courts. When purchasers bought the new participating preferred stock and when preferred stockholders made the exchange giving up what might have been valuable rights to them, such as accumulated dividends, a contract was made which cannot now be varied. This contract provided that the new stock had certain preferences on dissolution and these the court cannot vary. As quoted above, " Upon the liquidation or dissolution of the Company, each holder of shares of the Participating Preferred Stock shall be entitled to receive," etc., etc. Until these stockholders receive the sums due them Spencer Trask & Co. get nothing. The courts cannot change priorities created by contract; the time-limit to exchange stock had expired and even the committee had no power to consent to the exchange after dissolution. At that time, if not before, the respective claims to the assets became fixed.

So much of the order appealed from as gives to Spencer Trask & Co. the rights of a holder of participating preferred stock should be reversed, with costs in all courts.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order reversed, etc.