Philip F. Wiedersum, Appellant, *v.* Atlantic Cement Products, Inc., a Domestic Corporation, and Others, Respondents.

Second Department, March 3, 1941.

*C. Walter Randall,* for the appellant.

*Eugene A. Sherpick* [*Harold R. Medina* and *James J. Regan* with him on the brief], for the respondents.

Johnston, J. The principal question presented is whether, without his consent, the holder of preferred stock of a corporation may be deprived of his right to accrued cumulative dividends as an incident to a statutory proceeding to reclassify the corporation's capital stock. (Stock Corp. Law, § 36.) The facts, in the main, are undisputed.

In May, 1927, the defendant corporation was organized under the laws of New York. In 1928 plaintiff's assignor purchased 50 shares of preferred and 50 shares of common stock. At that time the capital of the corporation was $350,000, represented by 3,500

shares of preferred and 10,000 shares of common stock. The preferred stock had a par value of $100 and the common stock no par value. Thirty-two hundred and sixty-four shares of the preferred stock were issued and outstanding. The holders of the preferred stock were entitled to receive annually, " when and as declared, from the surplus or net profits of the company," dividends of seven per cent before dividends could be paid to the holders of the common stock. Dividends on the preferred stock were cumulative. The holders of the preferred stock had no right to vote upon any capital reorganization.

For several years the corporation operated at a loss and paid no dividends. In November, 1932, a capital reorganization was attempted. The plan contained no provision for the payment of the cumulative dividends which had accrued on the preferred stock. Although the holders of record of more than two-thirds of the outstanding shares voted to reduce and reclassify the stock and the necessary formalities had been completed, the certificate required by law never was filed and the reorganization was not consummated. Apparently the reorganization failed because the corporation found itself unable to pay the accrued cumulative dividends on the preferred stock. Despite the failure to perfect the reorganization, the capital readjustment contemplated thereby was recorded on the corporation's books as though the reorganization had in fact been legally accomplished.

In November, 1936, in an effort to rid itself of the obligation to pay the dividends which had accrued on the preferred stock, the corporation promulgated a second reorganization plan. At the same time the board of directors declared a cash dividend of five dollars a share, payable December 1, 1936, to preferred stockholders of record as of November 26, 1936. Plaintiff's assignor received this dividend on her fifty shares of preferred stock. Under this second plan the first plan was to be canceled and the capital stock was to be reclassified substantially as follows: (1) 15,000 shares of preferred and 12,500 shares of common stock, both without par value were to be issued; (2) the preferred stock was to be entitled to preferred cumulative dividends from January 1, 1937, at the rate of fifty cents a year; (3) four shares of the new preferred stock were to be issued in exchange for each share of the old preferred stock " and in satisfaction of all accrued unpaid dividends " thereon. At a meeting held March 30, 1937, the holders of more than two-thirds of the capital stock voted in favor of the plan. Plaintiff's assignor, although she received notice of the meeting, did not attend or register any objection. On August 23, 1937, this second reorganization was consummated by the filing of an appropriate certifi-

cate in the office of the Secretary of State. On March 2, 1938, a dividend of fifty cents a share on the new preferred stock was declared out of current earned surplus and subsequently paid. Plaintiff's assignor, having failed to exchange her stock for the new stock, did not receive this dividend. It appears that all the stockholders, except plaintiff's assignor and two others, assented to this second reorganization either by voting in favor of it or by subsequently accepting the new in exchange for the old stock.

Plaintiff, on behalf of himself and other stockholders similarly situated, brings this action in equity against the corporation and its directors and asks for judgment: (a) declaring void the action of defendants in eliminating the dividends which had accrued on his preferred stock up to March 30, 1937; (b) enjoining defendants from paying dividends upon any of the capital stock without first providing for and liquidating all arrears of dividends which accrued up to March 30, 1937, on his preferred stock; and (c) requiring the directors to account to the corporation for the fifty-cent dividend declared on the new preferred stock on March 2, 1938.

Plaintiff does not object to the proceeding reclassifying the capital stock; nor does he question its legality. He is willing to surrender his stock and to accept in exchange the new stock " upon being paid, secured, or otherwise equitably assured of the amount represented by accumulated and unpaid dividends upon his said old preferred shares, together with interest thereon, up to the date of said purported reorganization, namely, March 30th, 1937." It is conceded that up to March 30, 1937, the accumulated unpaid dividends amounted to $56.29 per share. It is undisputed that up to March 30, 1937, the corporation's earnings were insufficient to pay the accumulated dividends on the preferred stock.

The court dismissed the complaint on the ground that the elimination of the right to unpaid cumulative dividends is a necessary incident to the power granted by the statute to reclassify stock. (Stock Corp. Law, § 36.) In other words, the court held that as the power to reclassify stock is expressly granted by the statute, the authority to cancel unpaid dividends is necessarily implied.

In my opinion the statute does not expressly or impliedly authorize the cancellation of a non-assenting stockholder's right to unpaid dividends which have accrued through lapse of time. That the right to such dividends is a contractual, vested right is well settled in this State. (*Strout* v. *Cross, Austin & Ireland Lumber Co.*, 283 N. Y. 406; *Roberts* v. *Roberts-Wicks Co.*, 184 id. 257. Cf. *Breslav* v. *New York & Queens Electric Light & Power Co.*, 273 id. 593.)

The only changes which the statute authorizes are those pertaining to a corporation's capital or capital stock. Such changes are intended to operate prospectively. (*Matter of Silberkraus*, 250 N. Y. 242.) Section 36 of the Stock Corporation Law makes no mention of dividends which have accrued, but section 38 (subd. 8) provides: " The liability of the corporation, its officers, directors and stockholders for corporate debts contracted or obligations incurred prior to the filing of such certificate, shall be unaffected thereby, but for the purpose of enforcing and recovering upon any claim a creditor shall have the same right of recourse against the corporation, its officers, directors and stockholders that he would have had if such certificate had not been filed."

In *Roberts* v. *Roberts-Wicks Co.* (*supra*) the court held that the right to accrued cumulative dividends is a vested, contractual right which remains unaffected by the statute and the proceedings taken thereunder. Construing the statute, Judge GRAY said (p. 264): " The Stock Corporation Law (Chap. 688, § 44) authorized the reduction to be made; but that statute and the proceedings under it could not affect any vested right, nor impair the force of any corporate obligation. Nor was it intended to accomplish any such thing; or any thing more than to authorize the holders of a majority of the stock, when the circumstances seemed to them to justify it, to increase, or to reduce, the amount of the capital stock. Its reduction left the affairs and obligations of the corporation just as they had been, with the sole difference of the lessened capitalization of the concern. There would still remain the obligation of the corporation upon any unperformed agreement; for no obligation was satisfied thereby. Its agreement to pay dividends on the preferred stock had not been fulfilled and, so long as the corporation was a going concern, this default created an indebtedness which was payable whenever, in the future, it should accumulate surplus profits from the conduct of the business."

It is true, as stated by the learned Special Term, that there have been many changes in the statute since 1906, when the *Roberts* case was decided. Nevertheless, in my opinion it is determinative of the question here presented for, despite the many amendments, the statute in substance remains the same. Indeed, subdivision 8 of section 38 of the present law is merely a statutory enactment of the principles laid down in the *Roberts* case.

Decisions of other States are in accord in holding that cumulative dividends which have accrued through lapse of time on preferred stock become vested, contractual rights which cannot be destroyed

by any reorganization. (*Keller* v. *Wilson & Co.*, — Del. —; 190 A. 115; *Consolidated Film Industries, Inc.*, v. *Johnson*, — Del. —; 197 A. 489; *Lonsdale Securities Corp.* v. *International Mercantile Marine Co.*, 101 N. J. Eq. 554; 139 A. 50; *Harbine* v. *Dayton Malleable Iron Co.*, 61 Ohio App. 1; 22 N. E. [2d] 281; *Patterson* v. *Durham Hosiery Mills*, 214 N. C. 806; 200 S. E. 906.)

Therefore, the attempted cancellation of the unpaid cumulative dividends, which accrued prior to March 30, 1937, must be deemed ineffective as to plaintiff, unless, as defendants urge, he is estopped by his conduct from asserting his right to such dividends. The record discloses no basis for a claim of equitable estoppel. It is the essence of such estoppel that the one asserting it must have been influenced to change his position in reliance upon the conduct of the one sought to be estopped. It clearly appears that defendants in no way relied on the conduct of plaintiff or his assignor in consummating the reorganization. In any event, this defense is not available to defendants for they failed to plead it; and, in the absence of such a plea, they are precluded from asserting it.

Defendants also stress the fact that if plaintiff's right to the accrued dividends is preserved, it will result in placing him in a more advantageous position than the other preferred stockholders. This is true, but it is an advantage to which plaintiff is entitled, for neither he nor his assignor assented to the cancellation of such dividends. Plaintiff, however, will be paid accrued cumulative dividends on his preferred stock out of earned surplus only. (*Roberts* v. *Roberts-Wicks Co., supra.*)

Plaintiff is entitled to relief to the extent of declaring that the accrued cumulative dividends on his preferred stock, which, up to March 30, 1937, amounted to $56.29 per share, have not been affected by the reorganization, and enjoining defendants from paying dividends upon any of the capital stock without first providing for and liquidating the arrears of dividends which up to March 30, 1937, accrued on his preferred stock.

Plaintiff is not entitled to any relief with respect to the payment of the fifty-cent dividend in 1938. He does not question the legality of the 1937 capital reorganization apart from the attempted elimination of his accrued cumulative dividends and he does not dispute that the fifty-cent dividend was paid out of an existing surplus.

The judgment dismissing the complaint should be reversed on the law, with costs, and judgment should be directed for plaintiff, with costs, in accordance with this opinion. Findings of fact and conclusions of law in conformity herewith should be made.

LAZANSKY, P. J., CARSWELL, ADEL and CLOSE, JJ., concur.

Judgment dismissing the complaint reversed on the law, with costs, and judgment directed for plaintiff, with costs, in accordance with opinion by JOHNSTON, J.

Findings of fact and conclusions of law in conformity herewith will be made.

Settle order on notice.