CHARLES S. DAVISON et al., Appellants, *v.* PARKE, AUSTIN & LIPSCOMB, INC., et al., Respondents, Impleaded with Others.

Argued April 17, 1941; decided May 29, 1941.

*Frank C. Mebane, Jr.,* and *Charles Stewart Davison* for appellants.

*Louis P. Eisner* and *Harris Berlack* for respondents.

DESMOND, J.  On November 14, 1935, the stockholders
of Parke, Austin & Lipscomb, Inc., at a special meeting
passed a resolution authorizing the corporation to amend
its certificate of incorporation, so as to reduce the capital
stock, to exchange for each share of preferred stock without
par value then outstanding, one and one-half shares of new
common stock without par value, and to exchange for each
share of common stock without par value then outstanding,
one share of new common stock without par value.  The
resolution was adopted by the votes of the holders of record
of more than two-thirds of the outstanding shares of pre-
ferred stock and of common stock.  The amended certifi-
cate was filed on December 2, 1935, " pursuant to section
thirty-six of the stock corporation law."  The preferred
shares outstanding at the time of the adoption of this
resolution provided, pursuant to an amended certificate
of incorporation filed in 1927, that the holders were entitled
to certain preferences and privileges, including cumulative
dividends at the rate of two dollars per share per annum
out of any surplus or net profits of the corporation, and to
the redemption of their stock at a price not exceeding
$30 per share plus dividends thereon accrued and/or in
arrears, out of a sinking fund into which the corporation
had agreed to make semi-annual payments of $12,500 out
of earned surplus, such payments to be cumulative.  From
October 15, 1931, to the date of the 1935 amendment of
the certificate of incorporation, there had apparently been
no surplus or net profits as no dividends had been declared
on the preferred stock and no payments had been made
into the sinking fund during that period.  The purpose of
the 1935 amendment was to eliminate " the burden on the
common stock imposed by the preferred stock sinking fund
and the accumulated preferred stock dividend " so that

money and long term credit might be procured to strengthen the financial position of the company; and this purpose was made known to all the stockholders in a letter which accompanied the notice of meeting. The notice of meeting was given to the stockholders two weeks before the meeting. The by-laws of the corporation provided for " a written or printed notice thereof at least two weeks previous to such meeting." The certificate of incorporation provided that " At least thirty (30) days prior to any reorganization of the Corporation, or reclassification of its capital stock, or merger or consolidation of the Corporation with or into any other corporation, or sale, lease, conveyance or transfer of all or substantially all of the assets of the Corporation * * * the Corporation will mail notice thereof to each of the holders of the Preferred Stock."

Plaintiffs are preferred stockholders of the defendant corporation. Plaintiff Thompson attended the above-mentioned meeting and voted against the proposed changes. Plaintiff Davison did not attend the meeting or vote. Neither has exchanged his preferred stock for the new common stock. They have brought this representative action (in which no others have joined) to have the amendment above described declared null and void as to them and for an order directing defendants, the corporation and its directors (1) to pay to plaintiffs the amount of accumulated dividends unpaid on their preferred stock with interest, and (2) to pay into the sinking fund the unpaid accumulated charges and purchase with such funds the preferred stock of plaintiffs at $30 per share, plus accumulated dividends plus interest from the date of a declaration by the corporation of a dividend on the new common stock, December 24, 1936. The action was instituted over a year and a half after the amendment of the certificate of incorporation became effective and six months after the corporation declared a dividend on the new common stock. The directors of the corporation were made individual defendants in the action.

The trial court dismissed the complaint as to the individual defendants at the opening of the case, and as to the other defendants after trial without a jury. The Appellate Division, first department, unanimously affirmed. Permission to appeal was granted by this court.

We have first to consider to what extent the amending power reserved to corporations of this State by section 36 of the Stock Corporation Law (Cons. Laws, ch. 59) may be exercised in deprivation of preferential rights of dissenting stockholders.

Section 36 of the Stock Corporation Law, added by the Laws of 1923, chapter 787, and substantially unchanged to date, permits a stock corporation to effect certain " Changes in respect to shares, capital stock or capital," including a change of any of its previously authorized shares without par value, issued or unissued, into a different number of shares of the same class or any other class without par value, and a classification or reclassification of any shares either with or without par value, by filing an amended certificate of incorporation showing among other things " the number and class or classes of shares to be so changed, * * * and the terms upon which such change is to be made." (Subd. 10.) Section 37 (subd. 3, ¶ c) prescribes the steps to be taken to effectuate a change under section 36 and provides that " If such certificate alters the preferences of outstanding shares of any class " an affidavit of the officers of the corporation annexed to the certificate must state that the changes were authorized by " the votes * * * of the holders of record of two-thirds of the outstanding shares of each class entitled to vote " thereon, at a stockholders' meeting held upon notice pursuant to section 45. Where a certificate filed pursuant to section 36 alters the preferential rights of any outstanding shares " section 38 (subd. 9) gives " any holder of such shares not voting in favor of such alteration " the right to have his shares appraised as provided in section 21. The preferential rights that may be altered by filing such an amended certificate are not, however, expressly defined or limited by statute.

Plaintiffs do not challenge the power of the defendant corporation to amend its certificate of incorporation pursuant to section 36 of the Stock Corporation Law so as to deprive preferred stockholders of their preferential rights to annual cumulative dividends in the future and to priority in the distribution of corporate assets upon dissolution, subject, of course, to the right of dissenting preferred stockholders to have their shares appraised pursuant to sections 38 and 21. Nor do they here challenge the power of the defendant corporation to eliminate as to consenting stockholders cumulative dividend arrearages and unpaid sinking fund obligations with the consent of the holders of two-thirds of the outstanding shares of common stock and of preferred stock. They contend, however, that they have a vested right to accrued dividends and in the cumulative sinking fund for the redemption of their shares of preferred stock, and that they may not be deprived of such rights without their consent, at least in the absence of express statutory authority, citing *Roberts* v. *Roberts-Wicks Co.* (184 N. Y. 257) and *Breslav* v. *New York & Queens Electric Light & Power Co.* (249 App. Div. 181; affd., 273 N. Y. 593), which case cited with approval *Yoakam* v. *Providence Biltmore Hotel Co.* (34 Fed. Rep. [2d] 533, 546).

The issue thus presented is today one of great importance. It is common knowledge that during the past few years many corporations have been unable to pay dividends either upon common stock or preferred stock and that large amounts of unpaid cumulative dividends, constituting as they do a first charge upon future profits, have a tendency to discourage new investment. Balanced against the desire to encourage investment, however, is the sanctity of the rights of contract. The individual preferred stock investor has bargained for certainty in his return, and may not be deprived of his bargain without express statutory authority. Solution of the problem is further complicated by the fact that any device the use of which is desirable in proper cases for the elimination of burdensome preferential rights of preferred stockholders may be used in other cases, with-

out regard to corporate needs and for the sole benefit of common stockholders. No question has been raised here of the worthiness of the motives of the majority of the stockholders in authorizing the amendment to this certificate of incorporation. The question is whether the present statute, which was in effect when the preferred shares held by plaintiffs were issued, permits a corporation, as an incident to an amendment of its certificate of incorporation, to eliminate preferential rights of preferred stockholders to dividends which have accrued, and to deprive them without their consent of their rights in a cumulative sinking fund for the redemption of their shares.

The present statute reserving to corporations of this State the power to amend their certificates of incorporation is not substantially broader than the statute construed in *Roberts* v. *Roberts-Wicks Co. (supra).* There the corporation reduced its capital stock and provided for the exchange of all outstanding shares of preferred stock for a smaller number of shares of new stock. Prior to the reduction of the capital stock the corporation was several years in arrears in the payment of cumulative dividends on its preferred stock. After the reduction the accumulated dividends were paid on the basis of the number of shares of new stock held by each preferred stockholder. Plaintiff, a preferred stockholder, sought to recover dividend arrears on the basis of the number of shares she had before the exchange. The court held that while the reduction was authorized by statute (Stock Corporation Law, L. 1892, ch. 688, § 44), " that statute and the proceedings under it could not affect any vested right, nor impair the force of any corporate obligation " and that the right of preferred stockholders " to the arrears of unpaid dividends upon the shares of stock which were retired, or cut off, by the reduction " was a " vested right " and a corporate obligation. (See, also, *Wiedersum* v. *Atlantic Cement Products, Inc.,* 261 App. Div. 305.)

In *Yoakam* v. *Providence Biltmore Hotel Co. (supra)* the court held that an amendment to the corporation's

charter purporting to eliminate a sinking fund similar to the one in the case at bar was invalid under a general reserve statute in the absence of definite statutory authority. (See, also, *Breslav* v. *New York & Queens Electric Light & Power Co., supra.*)

Courts in other States, notably Delaware, have held that accrued dividends are corporate obligations and that stockholders have a vested right to them which may not be cut off without their consent by amendments to the corporate charter, at least where the statute does not specifically authorize the elimination of such a preferential right. (*Keller* v. *Wilson & Co.*, 190 Atl. Rep. 115; *Consolidated Film Industries, Inc., v. Johnson*, 197 Atl. Rep. 489; *Lonsdale Securities Corp.* v. *International Mercantile Marine Co.*, 101 N. J. Eq. 554; *Patterson* v. *Durham Hosiery Mills*, 214 N. C. 806.) But compare *McQuillen* v. *National Cash Register Co.* (27 Fed. Supp. 639; affd., 112 Fed. Rep. [2d] 877).

Since the decision in the *Roberts* case (*supra*), whenever it has been held that a corporation may not exercise its power to amend its certificate of incorporation so as to eliminate certain preferential rights of outstanding shares, those rights have been termed "vested." In *Albrecht, Maguire & Co.* v. *General Plastics, Inc.* (256 App. Div. 134, 138; affd., 280 N. Y. 840), it was held that an amendment under section 36 of the Stock Corporation Law depriving stockholders of their pre-emptive rights "could not bind a stockholder who opposed its adoption." In *Breslav* v. *New York & Queens Electric Light & Power Co.* (*supra*, p. 190) the court held that an amendment making non-callable preferred stock callable "destroys a vested property right." In the case of *Lord* v. *Equitable Life Assur. Society* (194 N. Y. 212, 228) this court held that the right of stockholders to vote for directors was a "vested right of property" which could not be taken away from them by amendment of the corporate charter.

On the other hand, there can be no doubt that sections 36, 37 and 38 of the Stock Corporation Law contemplate

the alteration of certain preferential rights of stockholders under their contracts, subject only to the dissenting stockholder's right of appraisal. (*Matter of Silberkraus*, 250 N. Y. 242; *Matter of Kinney*, 279 N. Y. 423.) So it seems that only confusion results from saying that "vested rights" are not within the contemplation of the statute. All preferential rights of stockholders are in a sense vested. They are all property rights founded upon contract. The right of priority in the distribution of corporate assets on dissolution is no less vested than the right to be paid dividends for past years out of contingent future profits. The inadequacy of the "vested rights" test is further demonstrated by the fact that new stock may be issued with preferential rights to the assets of the corporation upon dissolution and to dividends superior to the preferential rights of the then outstanding shares (*Matter of Dresser*, 247 N. Y. 553), even superior to the right of preferred stockholders to dividends in arrears. (*Matter of Duer*, 270 N. Y. 343.) In these situations the dissenting stockholder is not even entitled to an appraisal of his shares under section 38 and section 21. (*Matter of Kinney, supra*.) The judicial problem is not whether a particular preferential right is vested or not, but rather what was the legislative intent as to it.

With regard to the preferential rights here in question the intention of the Legislature is manifest in its failure expressly to provide that these rights may be taken away without the consent of each stockholder. An earlier statute which did not clearly specify which preferential rights of preferred stockholders could be altered was held, in *Roberts* v. *Roberts-Wicks Co.* (*supra*) not to cover an amendment which would deprive preferred stockholders of accrued dividends. When the Legislature enacted the present statute, it must have known of the holding in that case. Its failure to provide specifically that corporations issuing shares entitled to cumulative dividends could alter without the consent of each such stockholder the preferential right of preferred stockholders to be paid accrued dividends

seems conclusive that no such power was intended to be conferred. The same may also be said of the failure of the Legislature to provide that cumulative sinking funds for the redemption of preferred stock may be eliminated.

The second issue presented upon this appeal is as to the sufficiency of the notice given to plaintiffs of the meeting of the stockholders to consider proposals for amending the certificate of incorporation. Defendants contend, and the courts below have held, that the change made by the amendment of the certificate of the corporation did not constitute " reclassification of its capital stock," and that, therefore, the thirty days' notice prescribed by the certificate of incorporation was not required. In support of this contention they point to the wording of the statute under which the change was made, subdivision F (as it then was) of section 36 of the Stock Corporation Law. That subdivision read as follows: " To change all or any of its previously authorized shares without par value, issued or unissued, into a different number of shares of the same class or of any other class or classes without par value." At that time the next subdivision read: " G. To classify or reclassify any shares, either with or without par value; * * *." Defendants say that the requirement in the certificate of incorporation of thirty days' notice has to do with changes made under subdivision G only, and not to changes made under subdivision F. But the alterations provided for in both subdivisions are " reclassifications " and " changes " as those words are commonly understood. The language of this certificate of incorporation clearly promised that, when any such substantial modification or alteration should be attempted, stockholders would have thirty days' prior notice thereof. Defendants concede that in case of a conflict between the provisions of the by-laws and the certificate of incorporation, the provisions of the latter are paramount, but they argue that if the language of the certificate is applicable, it does not require a thirty days' notice of meeting, but only a notice of corporate action given thirty days before it becomes effective. The

language is unambiguous: " At least thirty (30) days prior to any reorganization of the corporation, or reclassification of its capital stock   *  *  *  the corporation will mail notice thereof   *  *  *." The reclassification or change in the capital stock occurred at the meeting.

A preferred stockholder may expressly or by conduct waive his right to be paid accrued dividends, and to be given a certain notice of meeting, or may by laches surrender his right to equitable relief. Defendants here pleaded the defense of laches and the defense of waiver. The Special Term stated in its opinion that it was unnecessary to consider or pass upon these defenses in view of its conclusion as to the character of the changes effected by the amendment of the certificate of incorporation. Since we take a contrary view of the character and effect of the changes in the certificate of incorporation, the judgment must be reversed, but the failure of the courts below to pass upon these material defenses requires a new trial.

In the absence of any allegation of fraud or bad faith on the part of the directors of the defendant corporation, the complaint does not state a cause of action against them individually, and was, therefore, properly dismissed as to them.

As to the defendant corporation, the judgments should be reversed and the matter remitted to the Special Term for further proceedings in accordance with this opinion, with costs to appellants to abide the event. As to the individual defendants, the judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.