WILLIAM C. ANDERSON, Suing on Behalf of Himself and Other Stockholders Similarly Situated, Appellant, *v.* INTERNATIONAL MINERALS & CHEMICAL CORPORATION, Respondent.

CALLAHAN, J. (dissenting). I find no substantial difference between the provisions for converting shares under the merger or consolidation statute (Stock Corporation Law, § 91) in its present form, and the reclassification statute (Stock Corporation Law, § 36) as it existed prior to 1943, at least insofar as said statutes relate to extinguishing the right to receive accumulated dividends on preference shares.

Of course, a merger or consolidation of two or more corporations differs essentially from a reclassification of shares in one corporation. By its nature the former step requires the formation of a single corporation where two or more existed before. The merged corporation may be either a new one or any one of the constituent corporations. To accomplish a consolidation it would be necessary to eliminate the shares of one or more of the constituent corporations, which step would not be essential in a reclassification.

There is nothing inherent, however, in a merger or in the right to issue new shares in order to accomplish a merger, requiring or justifying the elimination of contractual rights to accumulated dividends. Unless the power to eliminate such dividends is to be implied from the right to consolidate, it does not exist, for there is no express provision for it in section 91.

I find no basis in section 91 for the implication of such power. The case appears to be controlled by *Davison* v. *Parke, Austin & Lipscomb, Inc.* (285 N. Y. 500), holding in effect that the rights to accumulated dividends are inviolate in the absence of a statute providing otherwise.

Although there is no claim of bad faith, and the plan for merger provided for the award of new stock in an attempt to discharge the obligation to pay accumulated dividends, these facts would not alter the case, plaintiff being unwilling to accept the substitution (*Strout* v. *Cross, Austin & Ireland Lumber Co.*, 283 N. Y. 406).

I vote to reverse the judgment, and order a new trial so that the issues of laches and waiver may be disposed of.

Martin, P. J., Dore, Cohn and Peck, JJ., concur in decision; Callahan, J., dissents in opinion.

Judgment affirmed, with costs. No opinion.