PHILIP M. LIEBSCHUTZ, Suing on Behalf of Himself and All Other Stockholders Similarly Situated, Appellant, *v.* SCHAFFER STORES CO., INC., Respondent.

Third Department, November 14, 1951.

*Charles M. Hughes* and *Samuel Levy* for appellant.

*Julius Muffson* and *Robert C. Poskanzer* for respondent.

BERGAN, J. Plaintiff in 1942 became the record owner of forty shares of $100 par value, 7% cumulative preferred stock of defendant corporation. The stock certificate held by plaintiff, and the corporation's certificate authorizing the stock, provided that preferred stock might be redeemable " at $110.00 per share " on thirty days' notice.

No dividends had been paid on the preferred stock for a period from January, 1930 to July, 1941, but had been paid after that time. No dividends had been paid during this period or subsequently on the two other classes of stock which for simplicity we will regard as common stock. The certificate gave the right to dividend payment on the preferred stock " as and when declared by the Board of Directors " and before any other dividend should be paid on the other classes of stock.

In May, 1946, notice was given of a proposed reclassification plan to be considered by the stockholders at a special meeting called for June 25th. Plaintiff, a lawyer of experience in corporate affairs, objected to the reclassification plan in a letter addressed to defendant's president June 8th in which he called attention to the failure to pay the cumulative dividends on the preferred stock for the period which ended in 1941 and stating in effect that the then current assets warranted the payment of the cumulative dividends.

On June 21st plaintiff followed up his letter with a formal notice of objection to the reclassification plan which also stated that "I demand an appraisal and payment for my stock" pursuant to statute. On June 24th, the day before the meeting of the stockholders to consider the plan of reclassification, a special meeting of the board of directors took up this protest.

The president told the board that plaintiff was objecting to the plan; that he was the only objector; that an appraisal proceeding "would be costly to both parties and particularly to the Company"; that although sales of the preferred stock had never exceeded its $100 par value "it is uncertain what amount would be determined by the appraisers"; that the company had the right under its certificate to redeem the stock at $110; that although such redemption would not preclude the institution of an appraisal proceeding "it is practical and advisable" to invoke "its redemption right"; and that the stockholder would have an alternative either to accept the redemption price or pursue the appraisal proceeding.

The resolution of redemption was adopted and notice of this was sent to plaintiff the same day. The following day the stockholders approved the proposed plan of reclassification. Two new classes of stock were authorized, a preferred stock $25 par value, 6% cumulative dividends, and a common stock. Under the plan, five shares of the new preferred stock were exchangeable for each share of the old preferred stock. Plaintiff under the reclassification plan would thus have received for each share of his $100 par value 7% dividend stock, preferred stock of $125 par value with $7.50 dividends.

Over two months after his demand for appraisal of June 21st, plaintiff on August 28th made further demand that under the notice of redemption that had been sent him he was entitled to the cumulative dividends from 1930 to 1941 and stating further that the demand was made without prejudice to his rights if the demand were not complied with.

The statute (Stock Corporation Law, § 38) provides that a stockholder objecting to a plan of reclassification may demand payment for his stock and thereafter have the right to appraisal under the provisions of section 21, which in 1946 authorized an application to the court for appraisal "within 60 days after such demand".

No proceeding to appraise the stock was instituted by plaintiff within sixty days after his demand of June 21st, but this action was started by him the following year for a declaratory judgment. The relief sought as an incident to the declaration

of rights may be summarized by saying that plaintiff asks that the plan of reclassification be set aside as being in violation of the fiduciary obligations of the officers of the defendant and as being fraudulent; that it be declared that plaintiff on the redemption of his stock was entitled to the cumulative dividends for the period during which no dividends were declared; or, that if the redemption be held invalid, he be given the stock to which he would have been entitled under the plan. Upon the argument he urges that the court give him such relief " as the exigencies of the case may permit."

The action, instituted in Monroe County, has had prior judicial appraisal. The original complaint was dismissed in the Appellate Division, Fourth Department (274 App. Div. 847) on the ground the plaintiff was entitled " only " to accept the plan for reclassification or to seek an appraisal under section 21 of the Stock Corporation Law. On reargument plaintiff was allowed to serve an amended complaint (274 App. Div. 1023) which is the one now before us.

The sufficiency of the amended complaint was considered by the same court. (276 App. Div. 1.) It was held that the complaint showed a proper situation for a declaration of rights between the parties. It was regarded as a question of fact whether the cancellation of plaintiff's stock during the pendency of the reclassification proceedings " was a breach of fiduciary duty " (pp. 5, 6).

The court was of opinion then, as it had been when it considered the first complaint, that on reclassification plaintiff's only remedy was to seek an appraisal or to take the new stock (p. 6). The claim by plaintiff that the reclassification was a device to transfer the surplus to the new stockholders, the court regarded as not actionable and reclassification with such an object and result was authorized fully by the statute (p. 6).

It was held that the declaration to be given should rest on the facts to be developed on the trial. One Justice dissented on the ground plaintiff had shown no ground for relief and one Justice dissented on the ground that summary judgment should have been granted declaring plaintiff's right to take the new stock.

The venue was thereafter changed to Schenectady County; the action tried before an Official Referee who found for the defendant on the merits; and a declaratory judgment was entered accordingly, to which this appeal is addressed. Plaintiff's right on cancellation to $110 per share which has been deposited has been preserved. There was documentary evi-

dence adduced on the trial filling out the details of the facts as the parties had previously presented them; there was some testimony taken, but nothing was developed factually which had not previously been presented substantially in pleadings and affidavits before the court. The facts as now developed have been stated to the extent we deem them important.

Unless an absence of good faith is shown, the exercise of a corporate option to redeem stock will usually be followed according to the literal terms of the certificate under which it is authorized (*Hackett* v. *Northern Pacific Ry. Co.*, 36 Misc. 583), and the problem most commonly presented in redemption is whether it amounts to an unfair preference against the interests of other stockholders. (18 C. J. S., Corporations, § 278.)

There are circumstances, of course, where a court would see clearly that the act of redemption is so unjust and in violation of the fiduciary rights of other stockholders that intervention would be justifiable. In *Zahn* v. *Transamerica Corp.* (162 F. 2d 36) the Circuit Court of Appeals had before it a case where the pleadings alleged the redemption would result in a large profit from tobacco inventories individually to the officers or interests they represented, and the pleading in an action seeking to avoid the exercise of the right of redemption was held to be good.

We think the Official Referee was right in determining, as he did, that the notice of redemption was " in good faith and did not constitute a plan or scheme to deprive the plaintiff of cumulative undeclared dividends ". The contemporaneous statements of plaintiff and the president of the corporation show that they both then regarded the redemption notice as not affecting any right that plaintiff had under the proposed reclassification, either to take the new stock or have his old stock appraised. That being so, the redemption did not affect the rights which plaintiff would have had in its absence, but it provided him with an additional alternative.

On June 21st, as it has been seen, plaintiff gave notice that he " demanded " an appraisal of his stock. On June 25th, after he had received the notice of redemption, he stated in a letter to defendant that " Your notice * * * comes after " the demand for appraisal had been received, and stated further that " I refuse to recognize any right * * * to call my stock for redemption after request for appraisal."

This was in effect the view that defendant's president took when the resolution of redemption was adopted, i.e., that the notice of redemption did not affect the right of the stockholder

to an appraisal. Therefore, neither party regarded plaintiff's right to appraise or to take the new stock as being affected by the redemption. In both its decisions the Appellate Division, Fourth Department, was of the same opinion, that the right survived the redemption.

Nothing on the whole record before us, with both principals holding these views shows overreaching or breach of fiduciary obligation. Everyone believed that plaintiff had retained all his rights under the reclassification. We, too, are of opinion that the right of appraisal on reclassification survived the notice of redemption. It was not exercised because plaintiff elected not to exercise it.

The dividends on the preferred stock were cumulative, but a right to them did not accrue until they were declared by the directors. They must be declared before any other dividends were allowable, but no dividends were declared on any of the other stock during the period in question. It is a rule of wide and general acceptance that a formal declaration of a dividend is the only basis for a right to payment of a dividend and that the declaration is in the sound discretion of the directors. (18 C. J. S., Corporations, § 229, subd. d.)

The discretion of a board not to pay dividends in the interest of a corporation has been upheld under far more impelling language than the certificate provisions here. (*Hastings* v. *International Paper Co.,* 187 App. Div. 404, 409.) There the certificate required the payment of preferred cumulative dividends to be made from " any and all surplus net profits whenever ascertained ", but the court felt the accumulation of a surplus in the interests of the corporation should be sustained against the claim that dividends must be paid from " ascertained " profits in the absence of bad faith.

The certificate by its terms was redeemable " at $110.00 per share ". Even if the certificate had read " $110.00 per share, and accrued dividends " as it did with respect to insolvency or liquidation, the result would not be different, since " accrued dividends " necessarily meant those which had been, or were required to be, declared by the certificate itself.

Instead of utilizing its surplus in 1946 to go back to the 1930–1941 period to pay dividends on preferred stock, the corporation adopted the plan of reclassification. Its right to do so under these circumstances has been judicially affirmed by the previous decisions of the court in this case, and if that were in any doubt, we would affirm it on the developed record before us.

The amendment to the statute in 1943 (L. 1943, ch. 600) expressly allowed a reclassification such as this one to abolish any rights in respect of "cumulative * * * dividends, whether or not accrued, which shall not have been declared". (Stock Corporation Law, § 36, subd. [E], clause [b]; cf. present § 35.) The remedy of the holder of such stock is an appraisal under section 21. The amendment, its scope and constitutionality were accorded comprehensive treatment by Mr Justice SHIENTAG, then at Special Term, in *McNulty* v. *W. & J. Sloane* (184 Misc. 835).

Plaintiff having had the remedy of appraisal under the amendment to the statute in 1943; having himself stated he had it; the officers of the corporation having agreed that he had it, and he himself having let the remedy go by, it is difficult to spell out a case now for judicial intervention. Nor is any good reason demonstrated in this situation why a court of equity should make some extraordinary effort to create and carry out, as plaintiff argues upon appeal the court should do, some novel relief in the way of a new and judicially supervised appraisal at this time.

It is pleaded in the complaint, and it seems to be suggested on the argument here, that if plaintiff fails on all his contentions to establish a right to other judicial intervention he should be placed in a position of being allowed to share in the reclassification plan and have new stock issued to him in consonance with that plan.

Judge PIPER in his dissent in 276 App. Div. felt this would be the proper relief. But the question is not an open one on the record before us. Plaintiff on the trial expressly withdrew any such solution from the Referee's consideration.

Defendant's counsel stated the defendant was then willing to issue the new stock to plaintiff. The Referee asked plaintiff's attorney: " Are you willing to accept the new stock now? " The answer was: " No, your Honor, we are not." There followed a statement of his reasons, but we can find no warrant on a review of his decision on appeal in reversing the Referee in this respect in the light of this categorical refusal. Having failed to participate in the plan plaintiff must get along without its benefits. (*Matter of Duer*, 270 N. Y. 343.)

The judgment should be affirmed, with costs.

FOSTER, P. J., HEFFERNAN, BREWSTER and COON, JJ., concur.

Judgment affirmed, with costs.