Louis Holland, Suing on Behalf of Himself and All Other Stock-holders of the Defendant National Investors Corporation, Respondent, Appellant, *v.* Fred Y. Presley, Charles H. Diefendorf, Robert O. Lord, George F. Rand, Jesse H. Van Alstyne and National Investors Corporation, Appellants, Respondents, Impleaded with Henry E. Bodman and Others, Defendants.*

Second Department, January 9, 1939.

* Revg. 168 Misc. 447, 942.

*Louis A. Tepper* [*Joseph Lotterman* with him on the brief], for the respondent-appellant.

*Timothy N. Pfeiffer* [*Wilber Stammler* with him on the brief], for the appellant-respondent Presley.

*James McC. Mitchell* [*Daniel J. Kenefick* and *Leonard P. Moore* with him on the brief], for the appellants-respondents Diefendorf, Lord, Rand and Van Alstyne.

*C. Frank Reavis* [*Martin D. Jacobs* with him on the brief], for the appellant-respondent National Investors Corporation.

CLOSE, J. This is a stockholders' representative action against the directors of the National Investors Corporation (hereinafter called the corporation) to compel them to restore certain moneys alleged to have been wasted. In an action brought by Florence W. E. Richards, as executrix of Eugene Lamb Richards, deceased, against the corporation, defendant Presley, its president and a director, and the Guardian Detroit Company, this court ordered an interlocutory judgment for an accounting (243 App. Div. 636), and subsequently a final judgment in that action for $381,324.74 was entered in favor of plaintiff against the defendants. Thereafter that action was settled by the payment by the corporation of $100,000 and the payment of a like amount by Presley. At the same time a release was delivered by the corporation to Presley, who insisted he receive it as a condition for his contribution to the settlement. Plaintiff then instituted this action against the directors of the corporation, including Presley, to recover with interest the $100,000 of the corporate moneys paid on the settlement of the Richards action and also the moneys expended by the corporation for counsel fees and disbursements in that action, plus $5,000 paid by the corporation to Mrs. Richards for a release, which was set aside in the Richards action. The court awarded the corporation judgment

against all the individual defendants, including Presley, for $149,745.74, and also awarded plaintiff's attorneys judgment against the corporation for $45,682.44, representing their counsel fees and disbursements in this action, which sum is to be paid out of the moneys paid to the corporation by virtue of the judgment in its favor. The defendants appeal from the judgment and from the order awarding counsel fees and disbursements and plaintiff appeals from that part of the judgment which limits the recovery against the individual defendants to $149,745.74 instead of $222,833.65. The sole question raised by the corporation on this appeal is that the award to plaintiff's attorneys for counsel fees is excessive.

Plaintiff does not assert that the directors were not justified in settling the Richards judgment against the corporation but contends that they were negligent in giving Presley a release instead of pursuing the corporation's claim for restitution against Presley, whose fault and misconduct cast the corporation in judgment. It may be true, as suggested by the learned court below, that the corporation could have paid Mrs. Richards the $200,000 and then proceeded against Presley for reimbursement, because at that time he was financially able to respond. After the final judgment was entered the directors consulted their attorneys and advised with other eminent counsel as to the corporation's prospect of success on appeal. They were told that success was not only doubtful but an appeal might result in increasing the judgment by restoring the valuation of the Richards options to $1,220,193.33, as fixed by the referee, instead of $251,666.67, as found by the Special Term. Acting upon that advice and considering the fact that an impending plan of reorganization and mutualization would be deferred and perhaps defeated by the delay incident to the prosecution of an appeal, they concluded that it would be to the corporation's advantage to settle the Richards action by the payment of $100,000 and the exchange of releases. In effecting the settlement the directors relied upon the attorney for the corporation and he " advised that it was wise to have everybody released *inter sese* " and he " passed on the question of whether the corporation would give a release to Mr. Presley," and he also advised that it was " proper " the release should be given. It was for the directors to determine if the settlement should be made and upon what terms. While the responsibility was theirs, they had a right, under the circumstances, to rely upon competent and experienced counsel, who advised and supervised the exchange of releases between the corporation and Presley. They believed what they did was " for the common and general interests of the corporation [and] may not be questioned, although the results show that what

they did was unwise or inexpedient." (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113, 124.) In our opinion there is no basis for a finding that they were negligent or acted in bad faith. Whether counsel should have known of such a claim is beside the point. It may be said, however, that in view of our decision and findings that the corporation participated in the fraud practiced upon Mrs. Richards and benefited therefrom, there was ground for at least an honest difference of opinion as to whether or not the corporation was a joint tort feasor with Presley and had a claim for restitution against him. Nor is there merit in plaintiff's claim that the corporation should share in the profits realized by Presley during the conversion of the Richards' options by reason of the fact that it contributed $100,000 toward the settlement. The wrong was consummated and the conversion effected in 1928 and 1929. The corporation did not part with its money until 1936. There remains the question of whether the release given to Presley by the corporation is a valid one. Presley had taken an appeal from the judgment and at the time of the settlement that appeal was pending. His first proposition was to contribute $75,000 toward the settlement, the entire matter to be settled for $150,000. This offer was rejected by the attorney for Mrs. Richards, who stated that her minimum was $200,000. This settlement was negotiated by the attorney for Presley and the attorneys representing the other defendants, but Presley's attorney took no part in the advice given to the corporation as to whether or not it should approve the settlement. Nor did the attorneys for the corporation have any part in advising Presley as to whether or not he should join in the settlement. When the offer to settle for $200,000 was made, Presley stated to the corporation that he would contribute $100,000 and withdraw his appeal upon condition that releases be exchanged between him, the plaintiff and the National Investors Corporation. This was the agreement Presley made with the corporation and Mrs. Richards. His rights under this agreement could not be affected by an *ex parte* arrangement that Mrs. Richards' attorneys made thereafter with the attorneys for the corporation for it to pay $100,000 and accept releases that reserved her rights against Presley. There is no proof that this arrangement was ever communicated to Presley or that he knew of the reservation in the release. The fact that the corporation's share was paid in December, 1936, and Presley's in January, 1937, does not in any way alter the agreement. No explanation of why the payments were not made simultaneously is contained in the record. If we are to infer anything, the tax protection obtained by Mrs. Richards because of the payment in different taxable periods can as well be inferred as any other.

It is argued that no consideration moved from Presley to the corporation and hence the release is invalid. To furnish a good and sufficient consideration it was not necessary for the consideration to move from Presley to the corporation. Presley had taken an appeal. He might have been successful upon his appeal. In consideration of securing the release he withdrew his appeal. This detriment to Presley, the releasee, furnished a valuable consideration. " ' A valuable consideration may consist of some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.' " (*Osborne* v. *Curtis*, 209 App. Div. 100; affd. without opinion, 239 N. Y. 616. See, also, 1 Williston on Contracts [Rev. ed.], § 102; *Rector, etc.*, v. *Teed*, 120 N. Y. 583, at p. 588; *Moers* v. *Moers*, 229 id. 294, at p. 300.)

The facts upon which the corporation's claim against Presley is based were known to the directors of the corporation at the time the release was given, but even if the facts were not known it released claims both known and unknown. (*Kirchner* v. *N. H. S. M. Co.*, 135 N. Y. 182; *Mendelson Bros. Factors, Inc.*, v. *Sachs*, 253 App. Div. 270, 273.)

The judgment should be reversed upon the law, with one bill of costs to appellants-respondents Presley, Diefendorf, Lord, Rand and Van Alstyne, and complaint dismissed, with costs. Findings of fact and conclusions of law should be reversed.

The appeals from the order and the decision should be dismissed.

Lazansky, P. J., and Adel, J., concur; Johnston, J., dissents and writes for reversal of the judgment and dismissal of the complaint except as to appellant-respondent Presley, as to whom he dissents and votes to affirm; and also dissents as to the dismissal of the appeal from the order fixing and allowing counsel fee and disbursements, and votes to affirm said order; Carswell, J., concurs with Johnston, J.

Johnston, J. (dissenting in part). I vote to reverse and dismiss the complaint as to the defendants Diefendorf, Lord, Rand and Van Alstyne for the reasons stated in the prevailing opinion and for the further reason that at no time did they know nor was it intimated by counsel that the corporation had a claim for restitution against Presley, nor did counsel know of any such claim. In fact, the first time counsel heard of it was months later, when he received a letter from the attorneys for the plaintiff in the instant action. While the above-named defendants admit they never discussed among themselves the claim from which Presley sought and obtained a release, they did rely, as they had a right to, on the advice of the

attorney for the corporation, who negotiated for the settlement of the Richards judgment. It is not even suggested that the attorney for the corporation at all times was not acting in good faith and, as he believed, for the best interest of the corporation.

As to defendant Presley, I dissent and vote to affirm the judgment as to him. In my opinion we may treat the complaint as setting forth a cause of action against Presley individually for the damage which the corporation suffered by reason of his wrong. That was the underlying issue which was tried and determined. It was clearly established, and the learned Special Term found, that the corporation had a claim for restitution against Presley by reason of the fraud which this court held he practiced upon Mrs. Richards and which resulted in casting the corporation in judgment. The settlement of the Richards judgment was not a joint settlement. There is evidence that Mrs. Richards would have released the corporation upon the payment of $100,000 without Presley contributing anything. It is true that when the attorneys for Mrs. Richards, the corporation and Presley first discussed settlement, Mrs. Richards' attorney said if $200,000 were paid Mrs. Richards would settle her judgment and it was a matter of indifference to her who paid the total amount. But as the negotiations progressed the situation changed and on December 8, 1936, it was agreed between the attorney for the corporation and the attorney for Mrs. Richards that the corporation was to pay $100,000 in return for a release from Mrs. Richards. Both attorneys so testified. On December 9, 1936, the corporation paid $100,000 to Mrs. Richards and obtained a release (or releases), which contained a reservation of all rights against Presley. The attorney for the corporation testified the effect of this release was in no way to be impaired by any failure of Presley to make any payment and it was to be final and complete and was not delivered conditionally and the corporation was to be " out, whether Presley paid another cent or not." In the light of this evidence, in my opinion, the settlement was not a joint one and Presley was free either to settle the Richards judgment against him or appeal from it. He chose to settle and paid $100,000 on January 12, 1937, and obtained a release from Mrs. Richards. On the same day he delivered his release to the corporation and the corporation delivered its release to him.

I disagree with the holding of the majority that the latter release is valid because it was predicated upon a good consideration. As already indicated, it was given at a time when neither the directors — other than Presley — nor the corporation's attorney knew the corporation had a claim against Presley for restitution. It is stated in the prevailing opinion that as Presley withdrew his appeal

at the time he paid Mrs. Richards $100,000, there was a good consideration for the corporation's release to him. I think not. Undoubtedly a waiver of the right to appeal is sufficient consideration to support a release; and, as between Mrs. Richards and Presley, the withdrawal of the latter's appeal was a good consideration for the settlement of the Richards judgment for a lesser sum. But the withdrawal of his appeal was not a detriment which Presley suffered at the request of the corporation or for its benefit. The corporation, having made its settlement about one month previously, was no longer interested in the Richards judgment.

I agree that, for the reasons stated in the prevailing opinion, there is no merit in the plaintiff's appeal.

For the foregoing reasons I vote to reverse the judgment and dismiss the complaint except as to appellant-respondent Presley, as to whom I dissent and vote to affirm, and also dissent as to the dismissal of the appeal from the order fixing and allowing counsel fee and disbursements, and vote to affirm said order.

CARSWELL, J., concurs.

Judgment reversed upon the law, with one bill of costs to appellants-respondents Presley, Diefendorf, Lord, Rand and Van Alstyne, and complaint dismissed, with costs. Findings of fact and conclusions of law reversed. The appeals from the order fixing and allowing counsel fee and disbursements and from the decision are dismissed. [See amended decision, 256 App. Div. ——.]