In the Matter of the Final Accounting of CLARA B. JONES and SAMUEL A. JONES, JR., Individually and as Executors, etc., of SAMUEL A. JONES, Deceased.

CLARA B. JONES and SAMUEL A. JONES, JR., Individually and as Executors, etc., Appellants; J. LEO WEILER, Respondent.

Third Department, January 7, 1942.

*H. C. & V. D. Stratton [H. C. Stratton* of counsel], for the appellants.

*Coleman & Jackson,* for the respondent.

SCHENCK, J. Respondent-claimant was a director of the S. A. Jones Line Company, Inc. He had, prior to December 18, 1934, indorsed several notes of the company made by the testator herein, as president. According to the evidence, chiefly that of claimant himself but largely uncontradicted, claimant objected to signing more notes without some form of guaranty of indemnity. Accordingly, the testator and one Ames, another company official, each gave instruments in writing which claimant contends were indemnity agreements, each giving him guaranty of indemnity for one-half of any losses sustained as the result of indorsement by him of any notes of the S. A. Jones Line Company, Inc., during a stated period. The agreement signed by the testator is as follows:

" Dr. J. L. WEILER
Dentist
45 North Broad Street
Norwich, N. Y.
" *December* 18, 1934

" I hereby agree to pay to J. L. Weiler, or in case of his death, to his estate, or administrators thereof, one-half ($\frac{1}{2}$) of any losses sustained by him or them in the endorsement by him of all notes as director of the S. A. Jones Line Company from December 18th, 1934, to October 31st, 1935.

" All above notes are to be paid in full by May 1, 1935.
S. A. JONES."

During the aforesaid period claimant indorsed two notes for the company in the aggregate sum of $9,000. Only $1,000 of this was ever liquidated by the company. On October 21, 1937, several months after decedent's death, claimant paid the full amount of the $8,000 balance on the two notes. That he did this by borrowing the money from the same bank at which the notes were

payable is immaterial. The fact is he raised the money and discharged the liability, thus incurring a loss of $8,000. It follows that he has a valid claim against decedent's estate for one-half of this amount, or $4,000, based upon the above agreement. The sum of $4,000, representing the other one-half, has been paid by the Ames estate under the agreement executed by Ames.

The argument that there was no consideration for the agreement executed by decedent Jones is without merit. It is fundamental that an agreement to assume an obligation is sufficient consideration to support an indemnity guaranty such as the decedent entered upon here. (*Holland* v. *Presley*, 255 App. Div. 667; *Osborne* v. *Curtis*, 209 id. 100.) Here claimant undertook liability as an indorser. He was under no obligation to do this. His indorsement presumably aided the company in raising funds. He now has paid the balance due on the notes for which he personally apparently never received value. He should be permitted to enforce the indemnity agreement at this time.

I am not impressed with the argument that as claimant has been paid $4,000 by the Ames estate on a similar agreement, his loss has only been $4,000 and this estate's liability is, accordingly, only one-half of that, or $2,000. Claimant has paid $8,000. Ames and Jones entered into agreements whereby each was to indemnify Weiler for one-half of any loss he might sustain. Each agreement speaks as of its date. The Ames estate paid under its agreement $4,000, being one-half of respondent's loss. Under the contract executed by decedent Jones under date of December 18, 1934, the Jones estate is, likewise, liable for the sum of $4,000. Ames and Jones each agreed to indemnify claimant for one-half of his loss. One-half of $8,000 is $4,000, and that is the amount he should receive from the estate of decedent Jones.

The decree of the surrogate should be affirmed, with costs.

HILL, P. J., CRAPSER, BLISS and FOSTER, JJ., concur.

Decree of the surrogate affirmed, with costs.