FRANCES R. GILBERT et al., Plaintiffs, *v.* CURTISS-WRIGHT CORPORATION et al., Defendants.

SIDNEY SCHNEIDERMAN, Plaintiff, *v.* JOHN S. ALLARD et al., Defendants.

Supreme Court, Special Term, New York County, November 5, 1942.

*Emanuel B. Cohen* for Frances R. Gilbert, plaintiff.

*Weinstein & Levison* for Sidney Schneiderman, plaintiff.

*Mortimer Cohn* for Beatrice Tunick, plaintiff.

*Joseph Ruskay* for Robert E. Treuhaft, plaintiff.

*Abraham L. Pomerantz, L. I. Schreiber, Abraham I. Markowitz* and *Samuel Jaffe* for Reva Jaffe, plaintiff.

*William R. Rawick* for Florence Basile, plaintiff.

*Joel Mencher* and *Sidney Goldstein* for Muriel Meyers, plaintiff.

*Kenneth M. Spence* and *Thomas S. Hale* for corporate defendants.

*Jules Haberman* and *S. B. Olney* for John S. Allard, defendant.

*Donald W. Smith* and *William C. Scott* for The Commercial National Bank and Trust Company of New York, as Executor of Richard F. Hoyt, deceased, defendant.

*Gerald H. Doran* and *J. E. Lumbard, Jr.,* for Clarence W. Webster, defendant.

*H. Preston Coursen* for Ralph S. Damon, defendant.

*Whitney North Seymour* and *Stephen P. Duggan, Jr.,* for defendant Floyd B. Odlum in the Schneiderman action.

*Leonard P. Moore, George W. Whiteside* and *Robert D. Shea* for J. Cheever Cowdin et al., defendants.

SCHREIBER, J. This derivative stockholders' action arises out of the fact that three subsidiaries of the corporation involved, all of which are now merged, and the individual defendants Allard and Webster pleaded guilty to certain indictments found as a result of acts by Allard and Webster and others in connection with shipments of contraband in violation of Federal embargo. Fines aggregating $260,000 were imposed on the said corporations and $11,000 each on Allard and Webster. The parent corporation paid all the fines imposed on the subsidiary corporations and the fees of counsel for all the defendants and parties therein. Allard paid his fine in the first instance and was not reimbursed therefor by the corporation.

It appears that subsequent to the commencement of the instant action Allard and Webster reimbursed the corporations for the amounts laid out in their behalf.

Most of the defendants in this action during the period in question have been officers or directors of one or more of the corporations or are the representatives of deceased directors. Defendant Webster was not an officer or director of any of the corporations at any of such times. Defendant Allard was an officer at times and had been a director of the Export Company from 1934 to 1936, which includes the period of the commission of the acts resulting in the indictments. Approximately a week after the guilty pleas were made and the fines paid these actions, now consolidated, were commenced. Generally, the relief sought by the plaintiffs is that the defendants herein account; that reimbursement and damages be had by reason of the illegal acts, and also to recover the amounts paid in fines and legal expenses.

Plaintiffs' case rests heavily on the bare fact of the pleas of guilt, for independent proof of acts properly connected with the defendants in violation of law and fiduciary duty is entirely lacking. Evidence of some transaction, unconnected however, involving a note for $120,000, which was found among the assets of the decedent Hoyt, formerly a director, may cause surmise and conjecture, but this is wholly insufficient. While a *prima facie* case of guilt is thereby made out by the pleas, despite such defendants' contention that they are in fact innocent, it is obvious that this is so only as against the said defendants who pleaded guilty and not against any other of the defendants herein. (*Schindler* v. *Royal Ins. Co.,* 258 N. Y. 310.)

Thus it is quite clear that, based on this alone, as to the latter defendants there is no evidence of any probative force connecting them with participation in any way with the crimes. There is also no basis whatever, from plaintiffs' proofs, for a holding that the directors had or should have had any knowledge of the illegal acts at the time they were committed. The routine nature of the transaction does not require or compel this inference. Suspicion and remote inferences may not be substituted for proof. Plaintiffs have presented no competent affirmative proof upon which liability may be fastened on these defendants, other than Allard and Webster.

The case is utterly devoid of proof of a conspiracy among the defendants. The isolated exhibits regarding the activities of some of the employees are wholly insufficient. Plaintiffs have failed to establish that the defendants knew of the activities of Allard and Webster. The court cannot assume that they knew. Nor is any proof presented from which it can properly be inferred that they should have known. Upon all of these matters the plaintiffs have the burden.

If liability is then to be found against these director-defendants, it must rest either on the conduct of the directors in authorizing the corporations to plead guilty and thus become liable to heavy fines or in failing to bring action against Allard and Webster for reimbursement and damages caused by their acts. Likewise, the directors have not sought reimbursement from defendant Damon for counsel fees.

Plaintiffs have failed to show any impropriety in the authorization of the guilty pleas, or that such decision was anything other than the honest exercise of business judgment in a difficult situation. (*Levine* v. *Behn,* 169 Misc. 601, affd. 257 App. Div. 156, revd. on other grounds 282 N. Y. 120, but see 174 Misc. 988; also *Holland* v. *Presley,* 255 App. Div. 667, affd. 280 N. Y. 835.)

Obviously, in reaching that determination the defendant-directors could gain nothing personally. It is not easy to conceive of any valid ground for charging them with liability for doing their duty as they saw it. Further, the directors had no control over the fines levied by the court and cannot be said to have authorized the fines.

Likewise, the plaintiffs have failed to prove any wrongdoing in the failure of the directors to seek reimbursement and damages from the defendants Allard and Webster, and reimbursement for the counsel fees of Damon. From the corporate resolutions it is evident that the directors were satisfied, on

sufficient proof. that Allard and Webster were unable to respond financially to a judgment, if obtained, and they were also advised by eminent and experienced counsel that such lawsuit might well fail. The common guilt of the corporations might well be a bar. (*DiTomasso* v. *Loverro,* 250 App. Div. 206, affid. 276 N. Y. 551.)

In addition, the directors had to consider, in this connection, the factors of the valuable and necessary continuing services of Allard and Webster and the morale of the organization.

Although the resolution of the directors not to press the claim against Allard and Webster, as well as reimbursement to the corporations by Allard, Damon, and Webster of the moneys and expenses advanced for them, occurred after the instant actions were brought, it cannot fairly be said that an unreasonable time elapsed for, as has been noted, these actions were precipitously brought. (See opinion of Mr. Justice WALTER in *Hornstein* v. *Paramount Pictures, Inc.,* 37 N. Y. S. 2d 404.) It is not clear that the corporation was entitled to reimbursement for counsel fees, nor is such conclusion to be drawn from the voluntary payment by Allard and Webster. On the contrary, it would seem reasonable and necessary for corporations to protect their interests by supplying such counsel. It may be that an action by the corporations against Allard and Webster would not be barred on the theory of *pari delicto,* but even if such actions did not present this difficulty there still remained in the directors the essential duty to determine as a matter of honest business judgment whether it was wise or sound to attempt the collection. Nothing that the plaintiffs have presented here indicates that there was anything wrongful or dishonest in this decision of the directors not to institute a possibly futile and expensive litigation.

Individuals often forbear action for these reasons, and a like prudence is not forbidden to corporations. There being no proof that the decision not to sue was reached through dishonesty or bad faith, it is well-settled that it was not a wrong to refrain from such suit. It follows that the plaintiffs can be in no better position and that no derivative action to that end accrues to any stockholder. (*Koch* v. *Estes,* 146 Misc. 249, affid. 240 App. Div. 829, affid. 264 N. Y. 480.)

Thus it appears that, whether or not the defendant Allard is otherwise liable as distinguished from the other directors, the fact that by resolution of the directors a valid decision not to sue was honestly reached is a complete bar to this action as against him and defendant Webster.

I find it unnecessary to consider the status of the representatives of deceased directors or the effect of section 347 of the Civil Practice Act.

I have considered the exhibits received in evidence and the evidence received subject to connection, and deny the motions to strike them out.

The motions to dismiss the complaint are accordingly granted, without costs, and judgment is directed to be entered.