CARL N. SIMON, Plaintiff, *v.* SOCONY-VACUUM OIL COMPANY, INC., et al., Defendants.

Supreme Court, Special Term, New York County, November 10, 1942.

*Sherman & Goldring* for plaintiff.

*John J. Manning* for defendant, Socony-Vacuum Oil Co., Inc.

*John G. Turnbull* for defendants, Charles E. Arnott, John A. Brown, A. F. Corwin, G. V. Holten and Harold F. Sheets.

BENVENGA, J. This stockholder's derivative suit is brought against directors of defendant company for alleged breach of their duties, as directors, in connection with transactions of the company in buying " distress " gasoline from small refiners in Midwestern areas, in accordance with a buying program participated in by defendant company and other large oil companies.

These transactions were made the basis of an indictment charging an unlawful combination and conspiracy in restraint of trade and commerce by raising and fixing the prices for gaso-

line in violation of the Sherman Anti-Trust Act (U. S. Code, tit. 15, §§ 1–7).

Upon the trial, defendants were convicted by a jury. (*United States* v. *Standard Oil Co.*, 23 Fed. Supp. 937, 944.) The conviction was reversed by the Circuit Court of Appeals for alleged errors in instructions to the jury. (*United States* v. *Socony-Vacuum Oil Co.*, 105 Fed. Rep. [2d] 809.) The United States Supreme Court, by a divided court, reinstated the verdict. (*United States* v. *Socony-Vacuum Oil Co.*, 310 U. S. 150.) The courts disagreed as to the application of *Appalachian Coals, Inc.* v. *United States* (288 U. S. 344); that is, whether that case was controlling authority that the transactions involved herein came within the prohibition of the Sherman Act.

That the defendant corporation participated in the unlawful buying program is not disputed. Nor is it questioned that defendants, as directors, participated therein in behalf of the corporation. But it is asserted that, in so doing, defendants did not violate any duty which they owed the corporation; that they acted honestly and reasonably and for what they believed to be the best interests of the company. The evidence supports this conclusion. It does not show that defendants acted fraudulently, negligently, corruptly or in bad faith. Nor does it show that they knew, or had reason to believe, that the buying program violated the Sherman Act. Neither does it show that they made any personal profit or gained any personal advantage at the expense of the corporation, or otherwise. Accordingly, defendants are entitled to the presumption or inference that their actions were fair and honest. (See *Blaustein* v. *Pan American Petroleum & Transport Co.*, 263 App. Div. 97, 124, 125.)

The question here presented is whether, under the circumstances, the defendants should be held personally liable to the corporation for damages resulting from participation in the buying program.

It is elementary that directors owe a corporation the duty to exercise reasonable care in managing its affairs; that is, the same degree of care which a business man of ordinary prudence generally exercises in the management of his own affairs. If the directors fail to use such care, they are liable to the corporation for damages. (*Hun* v. *Cary*, 82 N. Y. 65, 70; *General Rubber Co.* v. *Benedict*, 215 N. Y. 18, 23; *Kavanaugh* v. *Commonwealth Trust Co.*, 223 N. Y. 103, 105, 106; Stock Corporation Law, § 60; Cons. Laws, ch. 59.) However, if the directors act in good faith and exercise reasonable care in the performance of

their duties, they are not liable for mistakes or errors of judgment, either of law or of fact. (*Hun* v. *Cary, supra; Seymour* v. *Spring Forest Cemetery Assn.,* 4 App. Div. 359, 376, 377; affd., on opinion below, 157 N. Y. 697; *Cass* v. *Realty Securities Co.,* 148 App. Div. 96, 99; affd., 206 N. Y. 649; *Scott* v. *Depeyster,* 1 Edw. Ch. [N. Y.] 513, 534, 535; *Alderman* v. *Alderman,* 178 S. C. 9, 37–40, 42–43.) " It is too well settled to admit of controversy that ordinarily neither the directors nor the other officers of a corporation are liable for mere mistakes or errors of judgment, either of law or of fact, when they act without corrupt motive and in good faith." (3 *Fletcher Cyclopedia Corporations* [Perm. ed.], § 1039.) " Where directors act honestly, and for what they regard as the best interests of the corporation and do not wilfully pervert or exceed their powers but only misjudge the same, on the plainest principles of justice, as well as under the adjudicated cases, they could not be held liable." (2 Thompson on Corporations, [3d ed.], § 1404.)

Applying these principles, it would seem that defendants did not fail in their duty of reasonable care. At most, they made an honest and reasonable mistake or error of judgment or of law.

But it is argued that defendants are liable because they committed acts prohibited by statute; that when the defendants, as directors, participated in the buying program in behalf of the defendant company, they failed in their duty to the corporation, even though they acted in good faith and with reasonable care.

The rule for which plaintiff contends is too broadly stated. Whether directors are personally liable for committing acts prohibited by statute depends upon the nature of the prohibited act; whether the statute is plain and unambiguous, and whether it contains a limitation or restriction on the powers of the corporation or the powers or duties of the directors themselves. Moreover, the rule is the same whether the act is *ultra vires* or prohibited by statute.

Nor do the cases upon which plaintiff relies lay down the rule for which plaintiff contends. They merely hold that directors are liable for losses sustained by the corporation on an illegal loan or investment, if they participated in the transactions or were negligent in permitting them. (See *Broderick* v. *Marcus,* 152 Misc. Rep. 413, 417, 418; *Van Schaick* v. *Aron,* 170 Misc. Rep. 520, 534, 535; *Van Schaick* v. *Carr,* 170 Misc. Rep. 539–543.) Thus, in the *Broderick* v. *Marcus* case, the statute prohibited loans in excess of ten per cent of the capital and surplus of the bank. The statute is plain and unambiguous. It clearly lays

down the rule governing the duty of directors in respect of loans. Therefore, when the directors made or participated in the making of the prohibited loans, there was no error or mistake of judgment, or any error or mistake of law or fact. On the contrary, in making the loans, the directors must have done so " with the knowledge of the extent and limitations of the powers of the corporation for which they act, and of their own authority as the agents of these corporations." (*Cooper* v. *Hill*, 94 Fed. Rep. 582, 587; 3 Fletcher, *supra,* § 1025; 2 Thompson, *supra,* § 1403.) In short, the directors must have known when they made the loans that they were *ultra vires* and illegal. Obviously, no such knowledge can be imputed to the defendants when they, in behalf of the defendant corporation, entered into the buying programs which were later held to be in violation of law.

The decisions upon which plaintiff relies are in accordance with the general rule laid down by Fletcher: " If the liability of a corporate officer is based on the alleged fact that he has acted beyond his powers or beyond the powers of the corporation, or in violation of a statute or the charter or by-laws, the test of reasonable care which applies when he acts within his powers has nothing to do with the question of liability except in so far as such care bears on whether he should have known that the acts in question were *ultra vires* or expressly forbidden or beyond his powers. If he knowingly exceeds his authority or the authority of the corporation, he is liable without regard to exercise of reasonable care." (3 Fletcher, *supra,* § 1023; quoted with approval in *Alderman* v. *Alderman, supra,* pp. 38–39.)

It seems to follow that, as defendants did not knowingly exceed their authority or the authority of the corporation, and did not know or believe or have reason to believe that their participation in the buying program was prohibited by the Sherman Act, they cannot be held personally liable for damages. Nor can they be held personally liable for legal and other expenses incurred by the defendant corporation in defending the criminal prosecutions, even though the directors were party defendants, and even though the defense was unsuccessful, for the interests of the corporation were sufficiently threatened by the prosecution to warrant the employment of counsel to defend it. (*Albrecht, Maguire & Co., Inc.,* v. *General Plastics, Inc.,* 256 App. Div. 134, 139; affd., 280 N. Y. 840; *Godley* v. *Crandall & Godley Co.,* 181 App. Div. 75, 78; affd., 227 N. Y. 656.) Neither can the defendants be held personally liable because it paid the

fines of the defendants Arnott and Maguire on their plea of *nolo contendere* to the second indictment, for, by that plea, a valuable consideration moved from the defendants to the corporation, and the corporation clearly benefited thereby. (*Holland v. Presley*, 255 App. Div. 667, 671; 256 App. Div. 940; affd., 280 N. Y. 835.)

Judgment is accordingly directed for the defendants dismissing the complaint on the merits.