PIETRO SPINELLA et al., Individually and as Stockholders of Heights Ice Corporation, Suing on Behalf of Themselves and Other Stockholders, Similarly Situated, Plaintiffs, *v.* HEIGHTS ICE CORPORATION et al., Defendants.

Supreme Court, Special Term, Bronx County, May 20, 1946.

*Anthony J. Caputo* for defendants.

*Bernard Lieberman* for plaintiffs.

SHIENTAG, J. This is the fifth complaint in a derivative stockholders' action. The original complaint and three subsequent amended complaints in this action have heretofore been dismissed as insufficient in law. The sufficiency of the reiterated allegations may not be considered on this motion (*Walker* v. *Gerli*, 257 App. Div. 249, 251). The only allegations that are really new are those referring to the plea of *nolo contendere* interposed in the antitrust law proceeding by the moving defendant and the payment of the fine imposed against that defendant. Significantly, the amount of the fine is not set forth in the complaint. It was, however, stated in open court to be the sum of $1,000, a fact which is disclosed by the public records of the Federal court. There is also the additional charge that despite the plea and the consent decree, the monopolistic practices continue. There is no specific allegation of loss or damage in connection with such alleged unlawful practices.

Damage in a situation such as is presented in this complaint may not be presumed from the mere imposition of the fine. If unlawful monopolistic practices are being continued, the offices of the Department of Justice and of the State Attorney-General are open to any party in interest having a legitimate grievance. This derivative stockholders' complaint is, however, insufficient in law (*Rosenthal* v. *Carlisle*, 261 App. Div. 819; *Kalmanash* v. *Smith*, 291 N. Y. 142; *Simon* v. *Socony-Vacuum Oil Co., Inc.*, 179 Misc. 202, affd. 267 App. Div. 890).

In all, there have been five complaints in this action and five justices of this court have passed upon the various motions to dismiss. Surely, it would serve no useful purpose to permit another amended complaint.

The motion to dismiss is granted. Settle order.