ALBRECHT, MAGUIRE & Co., INC., Appellant, *v.* GENERAL PLASTICS, INC., and Others, Respondents.

Fourth Department, January 12, 1939.

*Albrecht, Maguire & Mills* [*Edward N. Mills*, of counsel], for the appellant.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*James McC. Mitchell, Homer H. Woods* and *Daniel G. Yorkey* of counsel], for the respondents.

DOWLING, J.   General Plastics, Inc., was incorporated under the laws of New York in March, 1926.   The certificate of incorporation provided for the issuance of 22,000 shares to consist of 12,000 shares of Class A stock without par value, 8,000 shares of Class B Employees', without par value, 2,000 shares of preferred having a par value of $100 per share.   All voting rights and voting power were vested in the Class A stock and Class B Employees' shares. In 1929 the certificate of incorporation was amended to provide that the total number of shares, including those previously issued, shall be 152,000 shares, of which 2,000 shares, having a par value of $100 per share, shall be preferred, and 150,000 shares, without

par value, shall be common. In August, 1936, the certificate of incorporation was again amended to provide that the total number of shares, including those previously authorized, shall be 172,000 shares, of which 2,000 shall be preferred, having a par value of $100 per share, 20,000 shall be six per cent preference stock, having a par value of $25 per share, and 150,000 shall be common, without par value. These amendments provided for certain reclassifications of stocks. Prior to October 28, 1937, all of the stock authorized had been issued but 436 shares of the six per cent preference stock and 39,341 shares of the common stock.

On October 1, 1937, a special meeting of the directors of the company was held at Buffalo, N. Y. At this meeting the directors discussed a plan of recapitalization whereby the six per cent preference stock of the corporation might be eliminated. They also discussed the fact that the certificate of incorporation contained no provision depriving stockholders of the right to subscribe to new issues of stock and that this was a handicap to the company. The directors adopted a resolution recommending to the stockholders that the certificate of incorporation be amended so as to increase the capital stock from 20,000 to 40,000 shares of six per cent preference stock and to provide that no stockholder should be entitled as of right to purchase or subscribe for any part of any unissued stock or any stock to be thereafter authorized and issued. The directors approved a form of notice for a special meeting of stockholders to be called for October 28, 1937, for the purpose of acting upon their recommendation and directed that notice in the form prescribed stating the objects of the meeting be mailed by the proper officials of the company not later than October 7, 1937. Such notice, accompanied by an explanatory letter, was duly mailed to all the stockholders of record as of October 1, 1937.

On October 28, 1937, at two P. M., the meeting of stockholders convened at the office of the corporation in North Tonawanda. On that date the total number of shares of the corporation issued and outstanding was 1,811 preferred, 19,361 six per cent preference and 110,659 common. The secretary ascertained that there were present, in person or by proxy, stockholders holding 1,146 shares of preferred, 14,531 shares of six per cent preference and 100,716 shares of common stock which constituted more than a majority of each class of stock of the corporation issued and outstanding and that there was a quorum present.

Harry M. Dent, president of the corporation, was in the chair. A discussion relative to authorizing an additional 20,000 shares of six per cent preference stock was had. Following this a reso-

lution was adopted whereby the stockholders consented that the certificate of incorporation be further altered and amended so as to increase the number of shares which may be issued by the corporation from 172,000 to 192,000 shares. This resolution also authorized and directed the proper officers of the corporation to execute and file a certificate pursuant to section 36 of article 4 of the Stock Corporation Law, to accomplish the amendment.

The chairman then opened for discussion the proposal to amend the certificate of incorporation so as to provide that no holder of stock of any class of the corporation should be entitled as of right to purchase or subscribe for any part of any unissued or additional shares of stock of any class which might at any time be authorized or issued. The attorney for the corporation discussed the legal aspect of the proposal and called the attention of the stockholders to the fact there was some doubt as to its legality. An attorney for the plaintiff spoke in opposition, stating, in substance that, under the law of this State, stockholders of a corporation have a property right in unissued stock and that dissenting stockholders may not be deprived of such right and that such an amendment would be unconstitutional. At the close of the discussion a resolution was adopted containing, among others, the following provision: " (H) No holder of stock of any class of the corporation shall be entitled as of right to purchase or subscribe to any part of any unissued shares or for any additional shares of stock of any class which may at any time be authorized or issued." This resolution further directed that the proper officers of the corporation file a certificate pursuant to section 36 of article 4 of the Stock Corporation Law to accomplish the amendment.

These resolutions were adopted by the votes of the holders of record of 846 shares of the preferred stock, 13,794 shares of the six per cent preference stock and 97,683 shares of the common stock which was more than two-thirds of all the stock entitled to vote. Edward N. Mills, as proxy for the plaintiff and three other stockholders, voted 300 shares of the preferred stock, 737 shares of the six per cent preference stock and 3,033 shares of the common stock in the negative. Of this stock plaintiff owned 1,583 shares and controlled 315 shares which had been issued under another name.

On November 1, 1937, Harry M. Dent and John F. Snyder, as president and secretary of the corporation, prepared and thereafter caused to be filed a " Certificate of Increase of Number of Shares and Classification of Shares." On November 6, 1937, these officers prepared and thereafter caused to be filed a " Certificate of Reclassification of Shares." This latter certificate provided in part that

" no stockholder shall be entitled as of right to purchase or subscribe for any shares of the common stock issued as aforesaid."

The plaintiff has instituted this action to have the certificate of reclassification of November 6, 1937, declared null and void on the ground that the plaintiff has " an inherent, pre-emptive right to a proportionate share of the unissued and the new stock of General Plastics, Inc., and cannot be deprived of such right." The defendants defend on the ground that the Stock Corporation Law, in effect when the defendant was incorporated in 1926 and when the meeting of October 28, 1937, was held, authorized the action taken at said meeting in respect to stockholders' rights in authorized unissued stock and in stock which may be authorized and issued in the future.

No fraud, discrimination or bad faith is charged in the complaint. Nor does the plaintiff allege that it desires or intends to purchase or subscribe to any of the unissued stock or to any of the newly-authorized issue. The purpose of the amendment was to facilitate an underwriting of a new issue of common stock by eliminating the delay and uncertainty necessarily incident to the exercise of pre-emptive rights on the part of stockholders.

Both plaintiff and defendants moved for judgment on the pleadings. The court denied the plaintiff's motion and granted that of the defendants. An order was entered accordingly. On this order judgment was entered dismissing the complaint upon the merits and adjudging that the certificate of reclassification of shares " is valid and subsisting; and that the plaintiff has no pre-emptive right to subscribe to its ratable share of future issues of stock of the defendant." The plaintiff appeals from the judgment and the order.

The main question for review is whether the holders of record of 112,323 out of 116,393 shares present and entitled to vote had the power, under the provisions of the Stock Corporation Law in effect October 28, 1937, to amend the company's certificate of incorporation so as to provide, in substance, that no holder of its stock, of any class, should be entitled as of right to purchase or subscribe to any part of any future issue of the company's stock. There being no dispute as to the facts, the controversy presents a question of law only.

Counsel for the respondents, on the argument of this appeal, inferred that plaintiff might have had its stock appraised under section 38 of the Stock Corporation Law. Assuming, for argument only, that this is so, it was optional with the plaintiff whether it would seek an appraisal of its stock, thereby conceding the validity of the amendment to the certificate of incorporation and of the

procedure by which it was adopted, or resort to an action for the protection of its rights. (*Matter of Silberkraus*, 250 N. Y. 242, 246, dissenting opinion of HUBBS, J., p. 248.)

In *Stokes* v. *Continental Trust Co.* (186 N. Y. 285) it was held, in substance, that a stockholder has an inherent right to a proportionate share of new stock issued for money (as here). That this right is inviolable and can neither be taken away nor lessened without consent, or a waiver implying consent, except when the stock is issued at a fixed price not less than par and he is given the right to take at that price in proportion to his holding, or in some other equitable way that will enable him to protect his interest. The rule thus laid down was approved in *Dunlay* v. *Avenue M Garage & R. Co.* (253 N. Y. 274, 278 [1930]) and in *Breslav* v. *N. Y. & Queens Electric Light & Power Co.* (249 App. Div. 181; affd., 273 N. Y. 593 [1937].)

Defendants maintain that, by the revision of the Stock Corporation Law, chapter 787 of the Laws of 1923, article 4, it was impliedly authorized to amend the certificate of incorporation to provide that no stockholder should be entitled, as of right, to purchase or subscribe to any part of any future issue of the company's stock. Had the Legislature, mindful of the rule in the *Stokes* case (*supra*), intended that stock corporations could so amend their certificates, it doubtless would have so provided in express terms. Its failure to do so is significant.

The certificate of incorporation contained certain objects and powers which in no way affected the presumptive rights of its stockholders. The certificate, however, contained this provision: " The foregoing clauses shall be construed both as objects and powers, and it is hereby expressly provided that the foregoing enumeration of specific powers shall not be held to limit or restrict in any manner the powers of this corporation."

Section 13 of article 2 of the General Corporation Law provides: " Limitation of powers; provisions of certificates of incorporation. 1. A corporation shall not possess or exercise any powers unless given by law, or necessary to the powers so given. 2. The certificate of incorporation of a corporation may contain any provision for the regulation of its business and the conduct of its affairs, and any limitation upon its powers, or upon the rights of its stockholders or upon the powers of its directors and members, which does not exempt them from the performance of any obligation or duty imposed by law." Under this provision, we think the certificate of incorporation could be amended so as to deprive consenting stockholders of their pre-emptive rights. But such an amendment could not bind a stockholder who opposed its adoption.

The amendment under review, therefore, could have no force or effect against the plaintiff as it voted in opposition to its adoption.

The plaintiff should have had judgment in its favor declaring the certificate of reclassification of shares of the defendant corporation dated November 6, 1937, and filed in the office of the Department of State on November 8, 1937, in so far as it relates to depriving the plaintiff of its right as a stockholder to subscribe to new issues of stock, to be void as to it and directing that the defendants, before selling, or offering for sale, any stock now authorized but unissued, or any stock which may be hereafter authorized, shall give to the plaintiff an opportunity to subscribe to such issue or issues in proportion to its holdings and on such terms and conditions as the defendants may lawfully impose.

There is no force in the claim that the expenses of the litigation should be borne by the individual defendants. It is not disputed that they acted in good faith. In acting as they did they were carrying out the mandate of the stockholders. The corporation is a necessary party to the litigation. The interests of the corporation were sufficiently threatened in this action as to warrant the employment of counsel to defend it. (*Godley* v. *Crandall & Godley Co.*, 181 App. Div. 75, 78; affd., 227 N. Y. 656.) The reasonable expenses of the litigation, therefore, should be borne by the corporation.

The judgment appealed from should be reversed, with costs. The motion of the defendants for judgment on the pleadings should be denied and the motion of the plaintiff for a similar judgment should be granted, with costs, and judgment should be entered for the plaintiff in accordance with this opinion.

All concur. Present — SEARS, P. J., LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment reversed on the law, with costs, and defendants' motion for judgment denied and plaintiff's motion for judgment granted, with costs, in accordance with the opinion.