Tessie Gottlieb,

*vs.*

Heyden Chemical Corporation, a corporation of the State of Delaware.

*New Castle, October 8, 1951.*

*Robert C. Barab,* Wilmington, for plaintiff.

*Richard F. Corroon,* of Berl Potter & Anderson, Wilmington, and *Harmon Duncombe* and *George Rowe, Jr.,* New York City, for defendant.

SEITZ, Chancellor: This is an action by a minority stockholder seeking to enjoin a restricted stock option plan adopted by the defendant corporation with the approval of a majority of stockholders. Plaintiff seeks also to have declared invalid an amendment to the certificate of incorporation divesting the stockholders of pre-emptive rights with respect to certain stock.

At a directors' meeting held March 14, 1951 the defendant's board of directors adopted a restricted stock option plan subject to ratification by the stockholders at the forthcoming annual meeting.

The board of directors at the same meeting also proposed an amendment to the certificate of incorporation exempting from the pre-emptive right up to a total of not exceeding 50,000 shares of stock issued to officers and employees pursuant to stock options.

Both the plan and the amendment were approved by an affirmative vote of the holders of a majority of the common stock at a meeting held April 26, 1951.

Plaintiff seeks to enjoin the effectuation of the stock option plan and the amendment to the certificate. She makes the following contentions:

(1) The amendment to the certificate eliminating the pre-emptive rights is invalid because it deprives non-assenting stockholders of vested rights;

(2) The stock option plan is invalid because it contemplates the transfer of corporate assets without consideration; and

(3) The plan being invalid for lack of consideration it cannot be adopted over minority dissent.

Both sides have filed motions for summary judgment and this is the decision thereon.

Plaintiff first argues that the amendment seeking to deprive non-assenting stockholders of their pre-emptive rights is invalid because it deprives her and other stockholders of their "vested" rights.

It is conceded that under *Sec.* 5 of the *General Corporation Law of Delaware, Rev. Code* 1935, § 2037, the provisions here sought to be enacted by amendment could have been included in the certificate originally. The ques-

tion is whether it can be done by amendment under *Sec.* 26, *Rev. Code* 1935, § 2058.

Plaintiff says that this pre-emptive right is a vested right and as to objectors it may not be destroyed without their consent.

 It is established, as plaintiff points out, that the so-called "vested" rights of stockholders may not be taken away by amendment over objection, e.g., *Keller v. Wilson and Co.,* 21 *Del. Ch.* 391, 190 *A.* 115. I assume that if a right, even though it would otherwise be characterized as vested, is one which *Sec.* 26 authorizes the stockholders to destroy by appropriate action, then to destroy such a right would not constitute illegal interference with a "vested" right. In other words a right would not be a "vested" right if *Sec.* 26 authorized the stockholders to destroy it. This would be so because the right to amend to destroy such a right would be a part of the stockholder's contract when he purchased his stock.

The question then is whether *Sec.* 26 authorizes stockholders to amend a certificate of incorporation so as to cut off a pre-existing pre-emptive right. Let us examine the language of *Sec.* 26. *Section* 26 of the *General Corporation Law of Delaware,* provides in part:

"Any corporation * * * may * * * amend its Certificate of Incorporation * * * by changing the * * * designations, preferences, or relative, participating, optional, or other special rights of the shares or the qualifications, limitations or restrictions of such rights * * * or by making any other change or alterations in its Certificate of Incorporation that may be desired * * * provided that every Certificate of Incorporation as so amended, changed or altered, shall contain only such provision as it would be lawful and proper to insert in an original Certificate of Incorporation made at the time of making such amendment. * * *"

 *Section* 26 clearly does not provide in express terms for the power to destroy pre-emptive rights by amendment. Does the language "other special rights" embrace pre-emptive rights? To answer this question we need

first consider the nature of a pre-emptive right. In *Kingston v. Home Life Insurance Co.*, 11 *Del. Ch.* 258, 263, 101 *A.* 898, 900, this court said:

> "The right of shareholders to subscribe for new shares issued by a corporation as an increase of its capital stock in preference to outsiders is well established, and is called a shareholder's pre-emptive right."

There is a great deal of confusion as to the "proper" view which should be taken as to pre-emptive rights. See *Drinker*, 43 *Harvard Law Review* 586. It has been viewed by some courts solely as a means to safeguard a stockholder's proportionate voting control. See 11 *Fletcher Cyc. of Corps.*, (*Perm. Ed.*) *Sec.* 5135. Other courts have suggested that it also is necessary to protect a stockholder's interest in the assets.

■ ■ Plaintiff says that the pre-emptive right is not on the same plane as those enumerated rights which may be changed by amendment under *Sec.* 26. She says it is on a higher plane—a vested rights plane—similar to accrued and unpaid dividends on cumulative preferred stock. See *Keller v. Wilson and Co., supra.* Plaintiff must concede that voting rights may be changed by amendment under *Sec.* 26. See *Morris v. American Public Utilities Co.*, 14 *Del. Ch.* 136, 122 *A.* 696. Yet the protection of the stockholder's relative voting position is the most important if not the only attribute of the pre-emptive right. The other important aspect of pre-emptive rights recognized by some courts is the interest of the stockholder in the assets. However, even if this aspect be here relevant, it cannot be assumed that the stock to be issued will not be issued for a value which will fairly reflect the "value" of the assets. So viewed the pre-emptive right would not seem to be in the same substantial category as accrued and unpaid dividends. This is but another way of saying I do not feel that it should be so considered in view of its attributes.

Plaintiff relies upon *Albrecht, Maguire & Co. v. General*

*Plastics Inc.*, 256 *App. Div.* 134, 9 *N.Y.S.* 2d 415, affirmed 280 *N.Y.* 840, 21 *N.E.* 2d 887. It appears in that case that the New York court concluded that the power to amend to destroy pre-emptive rights was not given by the *New York Stock Corporation Law, McK. Consol. Laws, c.* 59. The court intimated that before such a statutory right to amend would be recognized it would have to appear "in express terms." The New York court did not characterize an existing pre-emptive right as a "vested" right but that label is unimportant because its use merely embodies a predetermined conclusion. I do not have the benefit of the language of the then existing New York statute governing amendments. To the extent that the *Albrecht* decision may be inconsistent with my conclusion, I can only indicate a preference for the reasoning here employed.

I therefore believe that a pre-emptive right rises no higher than rights which can be changed by amendment under *Sec.* 26 [*Rev. Code* 1935, § 2058]. Since that section provides that "other special rights" may also be changed by amendment and since pre-emptive rights are, in my opinion, on no higher qualitative level than rights which may be changed, I conclude that the quoted language embraces pre-emptive rights. It follows that the pre-emptive rights of plaintiff and others similarly situated were legally cut off on the basis of authority granted by *Sec.* 26.

Plaintiff's second contention is that the stock option plan is invalid because it contemplates the transfer of corporate assets without consideration. Plaintiff makes several allegations in her complaint but places her principal reliance in her motion for summary judgment on the allegation that the plan has no purpose other than to enable employees to acquire a proprietary interest in defendant. This being so the plaintiff contends that the plan is illegal on the authority of *Rosenthal v. Burry Biscuit Co.*, 30 *Del. Ch.* 299, 60 *A.* 2d 106. Defendant's answer denies this allegation and alleges that the purpose of the plan is to advance the interests of defendant and its subsidiaries and that the

plan seeks to accomplish that purpose by providing for the granting of options to purchase stock to officers and key employees who are responsible for defendant's future growth and development and continued financial success.

██ It is true, as the court pointed out in *Rosenthal v. Burry Biscuit Co., supra,* that the mere desire to grant an interest by way of stock ownership, without more, is not sufficient consideration to support such a plan. However, it must be apparent that every stock option plan has as its purpose the desire to give corporate officials an opportunity to acquire a stock interest in the corporation. The crucial question is whether the ultimate objective behind such purpose is calculated to benefit the corporation to such an extent that it constitutes legal consideration. See *Kerbs v. California Eastern Airways Inc., ante p.* 219, 83 *A.* 2d 473.

██ In view of the conflict in the respective positions of the parties here, I do not see how this conflict can properly be resolved on cross motions for summary judgment. The true picture will have to be developed upon final hearing. In view of this conclusion plaintiff's third contention need not be here considered. It follows that both motions must be denied except that an appropriate order may be entered on the pre-emptive rights question.

Order on notice.