97 A.2d 112 (1953)
SECURITY TRUST CO.
v.
WILLETT et al.
Court of Chancery of Delaware, New Castle.
June 1, 1953.
C. Thomas Attix, Jr. (of Hering, Morris, James & Hitchens), Wilmington, for plaintiff.
Richard J. Baker, Wilmington, for defendants H. Clark Willett, Executor, and H. Clark Willett and Lane Willett.
David F. Anderson (of Berl, Potter & Anderson), Wilmington, for defendant Security Trust Co., trustee for Little Sisters of the Poor, Inc.
E. Ennalls Berl (of Berl, Potter & Anderson), Wilmington, for defendant Little Sisters of the Poor, Inc.
SEITZ, Chancellor.
The principal issues are the validity of a so-called cemetery trust and if valid, the disposition of an admitted excess in that trust.
By Item Thirteenth of her will dated March 9, 1923, Anna Plunkett left $5,000 in trust with what is now Equitable Security Trust Company. The net income was to be applied forever for the maintenance of certain family cemetery lots and tomb stones. By the residuary clause in her will the testatrix created a trust fund in favor of the Little Sisters of the Poor, Inc. Testatrix died September 16, 1924.
The Little Sisters, because of certain rules and regulations of the order, disclaimed any interest under the residuary trust. In consequence, the residuary trust failed and the money was paid to the person who would have taken had the testatrix died intestate. This was a niece, Natalie Plunkett.
Defendant Security Trust Company (now Equitable Security Trust Co.), trustee for Little Sisters of the Poor, Inc., on the order of its beneficiary, has disclaimed any interest in the so-called cemetery trust. It follows that H. Clark Willett and Lane Willett as the successors in interest to Natalie Plunkett are the parties who will take any interest due the estate of Anna Plunkett.
After the commencement of the cemetery trust the burial locations were changed with the result that the upkeep expense has been almost nominal, amounting to only $10 per year. As a result the trust *113 corpus has increased to the point where in September 1952 it amounted to $15,000 and was producing a yearly income of $600.
The individual defendants claim that the cemetery trust is invalid because it is a perpetual private trust not validated by statute and therefore violates the rule against perpetuities. They say that the trust should be declared invalid and the entire proceeds should be paid to them. This court recently decided, in Delaware Trust Company v. Delaware Trust Company, Del.Ch., 95 A.2d 569, that such a trust would be upheld because of the considerations therein mentioned. I find nothing in the present case which would change that conclusion.
I conclude that the cemetery trust created under Item Thirteenth is valid.
The individual defendants next contend that since there is admittedly an excess in the trust beyond that necessary to carry out the terms of the trust, a resulting trust in favor of the estate of the testatrix (and therefore in defendants' favor) should be impressed on the excess proceeds. The trustee suggests that the admitted excess should be applied according to the cy pres doctrine. However, the beneficiaries in such a case are not identified.
Apparently the point here involved has never before been passed upon in Delaware. The trust here involved is in some respects akin to a charitable trust. Where the purposes of the trust can be fully executed without calling for the use of a portion of the trust property the courts in other states conclude that a resulting trust should be impressed on the surplus in favor of the estate, unless an intention to the contrary appears or unless the doctrine of cy pres is applicable. Compare 3 Scott on Trusts § 432. The courts infer that the testatrix did not intend the trustee to have the benefit. If there is no other way to use all the proceeds for the expressed intention then it is reasonable to infer that it should pass back to the estate of the testatrix. 3 Scott on Trusts § 404.1. I think this approach sound and adopt it in this case.
It is entirely reasonable to infer that the testatrix believed she was creating a trust with a corpus reasonably calculated to produce about the amount of income required to maintain the cemetery lots and grave stones. Due to a change of circumstances after her death and due to the small amount needed to comply with the terms of the trust it now appears that a situation has arisen which the testatrix neither contemplated nor provided for. I find no evidence of an intention which would make it improper to declare a resulting trust with respect to the excess in favor of the estate.
But it is argued that the dectrine of cy pres should be applied to the excess in the trustee's possession. Of course, if this were considered to be a private trust the doctrine of cy pres would be inapplicable. But treating it as partaking of the nature of a charitable trust the question arises whether this testatrix expressed a general charitable intent with respect to this trust in which event cy pres might apply or whether it was confined to a specific charitable purpose rendering the doctrine inapplicable. See Delaware Trust Company v. Graham, 30 Del.Ch. 330, 61 A.2d 110. This was a trust to maintain specific family burial lots and grave stones. Nothing in the will or the surrounding circumstances suggests a general charitable intent. The doctrine of cy pres has no application.
I conclude that a resulting trust should be impressed on so much of the principal and income as in the judgment of the trustee is not reasonably necessary to execute the purpose of the trust. Technically, the trust will be impressed in favor of the estate of the testatrix but in view of the record it will be for the benefit of the two individual defendants.
Order on notice.