TESSIE GOTTLIEB,

*vs.*

HEYDEN CHEMICAL CORPORATION, a corporation of the State of Delaware.

*Supreme Court, on Appeal, May 18, 1954.*

WOLCOTT and TUNNELL, JJ., and RICHARDS, President Judge, sitting.

*Robert C. Barab,* Wilmington, for plaintiff below, appellant.

*Richard F. Corroon,* of Berl, Potter & Anderson, Wilmington, and *Harmon Duncombe* and *George Rowe, Jr.,* New York City, for defendant below, appellee.

TUNNELL, Justice, for the court: Only the highlights of this litigation will be reviewed here, for it is fully reported in three opinions of this court and two opinions of the Court of Chancery. 32 *Del.Ch.* 231, 83 *A.2d* 595; 32 *Del.Ch.* 231, 90 *A.2d* 660; 33 *Del.Ch.* 82, 91 *A.2d* 57; 33 *Del.Ch.* 177, 92 *A.2d* 594; 33 *Del.Ch.* 283, 99 *A.2d* 507.

This was a derivative action seeking to enjoin issuance of a series of incentive stock options to defendant's key executive personnel. The Chancellor gave summary judgment in favor of defendant. Subsequent appeal to this court established that it had been error to enter summary judgment, plaintiff being entitled to trial on an issue of fact.

Upon remand and trial, plaintiff was unsuccessful. There was no appeal on the merits, but the instant appeal was taken from the final order of the Chancellor (without opinion) imposing costs upon plaintiff and denying her an allowance for the necessary disbursements and reasonable fees of her counsel.

 Too often petitioners in the position of plaintiff lose sight of the rule that the losing litigant ordinarily must pay his own counsel and bear the burden of the costs. There is, of course, an exception to this rule in derivative actions where the defendant corporation, even though prevailing, has been specifically and substantially benefited by the action. See *Maurer v. International Re-Insurance Corporation,* 33 *Del.Ch.* 546, 95 *A.2d* 827, 830, and authorities therein cited. But this case, when stripped of its errors and misunderstandings, is reduced to a simple situation of no legally recognizable benefit.

It has not been shown that defendant derived any financial gain or was afforded any needed protection from the action. Every single feature of its option plan as originally proposed was eventually sustained. The argument is that defendant received the advantage of an exposition of the law relating to stock options in general and its own options in particular.

As to defendant's own options, it seems to be claimed that options which have been tested and found sound are sounder than untested ones—a principle we do not adopt.

As to its supposed benefit from a general commentary on the subject of stock options, our conclusion is the same. If there has been any clarification of the law, that is only the normal result, or at least the aim, in every instance of a judicial opinion on a legal question. In that sense, of course, it may be helpful to any who may hereafter have occasion to investigate this field of the law. But we know of no principle of equity requiring that defendant pay the expenses of both parties in the achievement of this species of public service.

One cannot but sympathize with plaintiff's counsel. A great deal of work was done, and doubtless in the best of faith. Still, with all the intricacies and sophistication of modern corporation law, we must remember that it is, after all, a virtue of our system, and not a vice, that the lack of facts remains a vital deficiency.