James S. Abercrombie, Phillips Petroleum Company, a corporation, and Sunray Oil Corporation, a corporation,
Plaintiffs,

*vs.*

Ralph K. Davies, Signal Oil and Gas Company, a corporation, The Hancock Oil Company, a corporation, the Globe Oil and Refining Company, a corporation, Lario Oil and Gas Company, a corporation, Ashland Oil & Refining Company, a corporation, Deep Rock Oil Corporation, a corporation, Samuel B. Mosher, Garth L. Young, John W. Hancock, J. Howard Marshall, Harold A. Black, Francis L. Jehle, Rexford S. Blazer, Sanford M. Burnam, American Independent Oil Company, a corporation, and Security First National Bank of Los Angeles, California, a corporation,
Defendants.

*New Castle, September 28, 1956.*

*John J. Morris, Jr.,* of Morris, James, Hitchens & Williams, Wilmington, and *Joseph W. Moore,* of Fouts, Amerman & Moore, Houston, Tex., for plaintiff, James S. Abercrombie.

*Robert H. Richards, Jr.,* and *Stephen E. Hamilton, Jr.,* of Richards, Layton & Finger, Wilmington, for plaintiffs, Phillips Petroleum Co., and Sunray Oil Corp.

*Richard F. Corroon* and *David F. Anderson,* of Berl, Potter & Anderson, Wilmington, and *Francis M. Shea* and *Warner W. Gardner,* of Shea, Greenman, Gardner & McConnaughey, Washington, D. C., for defendants, Signal Oil and Gas Co., The Hancock Oil Co., Lario Oil and Gas Co., Ralph K. Davies, The Globe Oil and Refining Co., Samuel B. Mosher, Garth L. Young, John W. Hancock, Harold A. Black, Francis L. Jehle, and J. Howard Marshall.

*William Duffy, Jr.,* Wilmington, for defendant, American Independent Oil Co.

SEITZ, Chancellor: The parties are in characteristically vigorous disagreement as to the form of order or judgment which should be entered on the three opinions filed in connection with plaintiffs' motion for summary judgment. See *Abercrombie v. Davies,* 35 *Del.Ch.* 599, 123 *A.2d* 893. This is the decision thereon.

Plaintiffs' complaint asserts only one claim—the invalidity of the Agents' Agreement. Three independent grounds for such invalidity are set forth in their complaint:

1. The Agreement unlawfully infringed on director *discretion.*

2. It violated the voting trust statute.

3. It violated the organization agreement and the fiduciary relations between the parties to that agreement.

When plaintiffs filed their motion for summary judgment they advanced therein only the first two of the three grounds asserted in their complaint. They say that the "third ground" was not advanced in the motion because they believed that it would require a consideration of facts which were in dispute, and thus could not be resolved on a motion for summary judgment.

The Court, in deciding plaintiffs' motion for summary judgment, declared part of the Agreement invalid. However, the Court declared the balance of the Agreement severable on the present record and not invalid for any reason asserted by plaintiffs. See 35 *Del.Ch.* 599, 123 *A.2d* 893.

Plaintiffs say they should have a "judgment" declaring the invalidity of the provisions of the Agreement found by the Court to be invalid (director provisions). They say that their motion seeking to have the other provisions (stockholder) declared non-severable and to have them declared invalid in any event should be denied in accordance with the Court's decision. In this way they say they can appeal the decision and, if unsuccessful, can later try the so-called third and disputed-factual-issue ground for the invalidity of the Agreement, as well as other disputed matters.

Defendants contend that since only one claim is involved and since it has not been fully resolved by the decision on plaintiffs' motion for summary judgment, no judgment should be entered at this time. They urge that if anything is entered now it should only be an order under *Chancery Court Rule* 56(*d*), *Del.C.Ann.* In this way, say defendants, the Court will have formalized the matters decided on

plaintiffs' motion for summary judgment and yet will have left the case open for the entry of a single final judgment on plaintiffs' single claim when all issues concerning the validity of the Agreement are finally determined.

Are plaintiffs now entitled, as they contend, to what amounts to a partial summary judgment? Had plaintiffs advanced in their motion for summary judgment all three of the grounds for invalidity set forth in their complaint (thus including the one raising disputed questions of fact), this Court, on the assumed premise, would have denied the motion for summary judgment even though it reached the same decision as has been reached on the two grounds which did not involve a factual dispute. Compare *Gottlieb v. Heyden Chemical Corp.*, 32 *Del.Ch.* 231, 83 *A.2d* 595. This is so because plaintiffs assert only one claim which calls for one final judgment.

But plaintiffs argue that because of the Court's severability decision two claims are now involved, *viz.*, the validity of the director provisions and the validity of the stockholder provisions. However, as indicated, I believe there is but one claim and that involves the validity of the entire Agreement. It may be noted that the third ground for invalidity (involving a factual dispute), if upheld after trial, would result in the striking down of the entire Agreement. And this would be so even if this Court was in error in declaring the director provisions invalid on plaintiffs' motion for summary judgment. These circumstances tend to point to the fact that ultimately there will be only one judgment and it will deal with the validity of the Agreement.

Plaintiffs say that even if only one claim is involved, a partial summary judgment under Rule 56 should be entered. In *Biggins v. Oltmer Iron Works*, 7 *Cir.*, 154 *F.2d* 214, 216, the Circuit Court of Appeals said:

> "* * * this rule [Rule 56], in our opinion, does not contemplate a summary judgment for a portion of a single claim in suit. * * * A partial summary judgment, as the instant one is termed, under the circumstances before us is a misnomer."

Plaintiffs rely on the wording of Rule 56(a) that a claimant may move for summary judgment upon "all or any part" of a claim. This is true. But it does not follow that a judgment as such will be entered when it appears that plaintiffs assert only one claim and, while entitled to partial relief on the motion, still reserve the right to press for relief, presumably after trial, with respect to the balance of their single claim. I do not believe a partial final judgment on one claim is contemplated by the Rule where other contentions are unresolved.

We next consider defendants' contention that an order should be entered under Rule 56(d) which provides:

> "(d) Case Not Fully Adjudicated on Motion. If on motion under this [summary judgment] rule, judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

Plaintiffs say the quoted rule does not contemplate an order containing legal conclusions. While the rule appears to be more directly concerned with an order narrating facts, disputed and otherwise, for purposes of future trial, it seems implicit in the rule that the court will in the order "salvage" what has been decided on the motion and thus isolate the issues to be tried. This view seems to have authoritative support. Compare *Coffman v. Federal Laboratories*, 3 *Cir.*, 171 F.2d 94; 6 *Moore's Fed.Prac. (2nd ed.) p.* 2309.

I conclude that all that may now be entered is an "order" under Rule 56(d) by which the Court gives interlocutory legal effect

to its decisions. I see no prejudice to plaintiffs by following this procedure.

■ Plaintiffs assume that no appeal could be taken from an order under Rule 56(d), and they therefore seek a judgment so that they may promptly appeal the decision without waiting to try the disputed matters. It is this Court's duty to adopt what it considers to be the proper procedure. Once that is done, it is for the Supreme Court on appeal to determine the propriety of the procedure adopted as well as the appealability of the order entered.

It follows from what I have said that the next to the last sentence found in this Court's opinion of June 20, 1956, 123 *A.2d* at page 907, should be modified to reflect this conclusion. That sentence was included because the court was then under the impression, which plaintiffs have now corrected, that they intended to rely only upon the grounds set forth in their motion for summary judgment.

■ The order should contain a determination concerning the invalidity of the director provisions and a provision determining that on the present record the stockholder provisions are severable from the director provisions. In this connection, plaintiffs may, if they desire, reserve for trial the disputed fact issue, the existence of which was relied upon by the Court as one ground for its severability decision, 123 *A.2d* at page 902. It should also contain a provision declaring that the legal reasons and the facts presented in connection with the motion for summary judgment do not render the stockholder provisions invalid. Unless counsel agree to some other approach, I believe the undisputed facts and the legal reasons should be stated merely by adopting the opinions by reference. The matters for subsequent trial, including the subject matter of the counterclaim, should also be identified in the order. However, I do not believe it is practicable to narrate the disputed facts.

Since the order to be entered is not a final disposition of plaintiffs' "claim", I need not consider at this stage whether the decision should now be implemented by an injunction. That question can be resolved at the proper stage.

I next consider the contentions of the parties with respect to the identification in the order of the director provisions declared to be invalid. Defendants say they should be explicitly identified by reference to specific paragraphs in the Agreement. Plaintiffs' proposed judgment attempts to describe in broad general language the area in which performance of the Agreement would be invalid under the Court's decision declaring the director provisions invalid.

■ The Court did not declare all "director provisions" invalid, but only those which committed the agents in their director capacity to follow predetermined decisions. The objectionable provisions are specifically identified in the opinion of April 30, 1956, 123 *A.2d* at *pages* 900-903. They are the first two sentences of the second paragraph of numbered paragraph three to the extent they are applicable to director action, and the last three paragraphs of numbered paragraph three.

It is neither appropriate nor practicable to declare invalidity in such general terms as plaintiffs suggest. Such an approach would invite uncertainty and future litigation. It is particularly undesirable when it may form the basis for injunctive relief with its contempt sanctions.

Nor is there merit in the alternative contention of plaintiffs that certain paragraphs in addition to those specifically identified should be declared invalid because they impinge on the director provisions. The additional paragraphs suggested by plaintiffs do not come within my decision even though some are pertinent to an understanding thereof, *e.g.*, the preamble. In the future the Agreement will only have legal effect to the extent of its valid provisions. I might add that this point should have been made by plaintiffs at the time the severability matter was argued.

■ I next consider defendants' argument that the order should provide for an appropriate finding of validity as to the so-called stockholder provisions. The decision was made on plaintiffs' motion for summary judgment and while an order rather than a judgment will

be entered, I believe it must be confined to a disposition of plaintiffs' application. If defendants desire affirmative relief there are procedural devices available to them for that purpose.

■ Finally, I consider plaintiffs' motion for a default judgment against the non-appearing defendants. The defendants oppose the motion on the ground that one of such defendants (Ashland Oil) is cooperating with plaintiffs. Assuming that this is so and assuming that these defendants have standing to attack the motion, I nevertheless conclude that the motion should be granted. The default will merely be in general terms. The position of these defendants on the issue of the validity of the Agreement cannot be prejudiced by the inaction of one party to the Agents' Agreement. After all, these defendants, who are parties to the Agreement, are vigorously presenting the case in support of its validity. Whether further relief will be granted is a matter for a later day. A modification of this Court's decision by the Appellate Court would apply to all defendants. The default judgment order should be entered separately from the order under *Rule* 56 (*d*).

I express the hope that the parties can agree on the forms of orders to implement this opinion.